JAMES MULLANEY & others *vs.* NATIONAL FIRE AND MARINE INSURANCE COMPANY.

Berkshire. September 14. — 28, 1875. AMES & DEVENS, JJ., absent.

The provision of the St. of 1864, *c.* 196, that in policies of fire insurance " the conditions of the insurance shall be stated in the body of the policy," is complied with by a statement of the substance of the condition on the face of the policy, with a distinct reference to the schedule or details of regulations printed upon a subsequent page of the instrument; but a mere general declaration upon the face of the policy that it is " made and accepted in reference to the conditions hereunto annexed, which are hereby made a part of this policy, and to be used and resorted to in

order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for," is of no effect.

A policy of fire insurance on a building provided that if the premises at the time of the fire should be in whole or in part occupied for any purpose considered, rated or classified as more hazardous, in the printed conditions annexed, than that described in the application, unless permission was given, the policy should be void. *Held,* that this provision did not apply to a condition requiring a statement of the nature of the interest of the insured, or to a condition that in case of other insurance the insured should be entitled to recover no greater proportion of the loss sustained than the sum insured bore to the whole amount insured, or to a condition requiring notice if a building insured became vacant or tenantless for thirty days; there being other conditions containing a classification of risks as hazardous, extra hazardous, or specially hazardous.

A policy of fire insurance contained a clause by which it was agreed that the amount of the loss was to be paid sixty days after due notice and proofs of the same made by the assured " in accordance with the terms and conditions of this policy." *Held,* that a condition on the back of the policy, stating the manner of making proof of loss, was not so referred to as to make a part of the policy, under the St. of 1864, c. 196.

CONTRACT on a policy of insurance, dated December 5, 1872, by which the defendant insured the plaintiffs " against loss or damage by fire to the amount of one thousand dollars on their frame dwelling house, occupied by tenants, situate on the south side of Clough Street, in Pittsfield, Mass., other insurance permitted ; " and promised and agreed to make good to them all such immediate loss or damage, not exceeding the amount hereby insured, as shall happen by fire to the property as above specified, from December 1, 1872, to December 1, 1877 ; " the amount of loss or damage to be estimated according to the actual cost value of the property at the time of the loss, and to be paid in sixty days after due notice and proofs of the same, made by the assured and received at this office, in accordance with the terms and provisions of this policy, unless the property be replaced, or the company have given notice of their intention to rebuild or repair the damaged premises, or if merchandise, or personal property, of restoring the same as before the fire." " Gunpowder is expressly prohibited from being deposited, stored or kept in any building insured, or containing any goods or merchandise insured by this policy, unless by special consent in writing on this policy ; provided, that, if the premises above mentioned shall, at any time when such fire shall happen, be, in whole or in part, occupied for any purpose considered, rated or classi-

fied as more hazardous, in the printed conditions hereunto annexed, than that described in the application, unless liberty so to occupy them be expressly stipulated for herein, or indorsed hereon by the president or secretary, then this policy, and every clause, article and thing herein contained shall be void and of no effect." And it was further set forth on the face of the policy that " this policy is made and accepted in reference to the written or printed application whereon it is issued, and also to the conditions hereto annexed, which are hereby made a part of this policy, and to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

On the same sheet of paper, but after the signatures of the officers of the defendant company, and on a different page, were printed nineteen " conditions of insurance," of which the following only are material :

" 1. Applications for insurance on property must be in writing, and must specify the construction and materials of the building to be insured, or containing the property to be insured ; by whom occupied ; whether as a private dwelling or otherwise ; its situation with respect to contiguous buildings, and their construction and materials ; and whether any manufacturing is carried on within or about it ; and in relation to the insurance of goods and merchandise, the application must state whether or not they are of the description denominated hazardous, extra hazardous or specially hazardous ; and such survey and description shall be taken and deemed to be a part and portion of the policy issued thereon, and a warranty on the part of the insured. Any alteration or repairs, made in or about the premises, must be made at the risk of the insured, unless allowed by this company.

" 2. If the property to be insured be held in trust, or on commission, or the building containing such property, or land upon which such building or property rests, be a leasehold, or other interest not absolute in the person applying for insurance, it must be so represented to the company, and expressed in the policy in writing, or otherwise the policy shall be void ; and in case of loss, the names of the respective owners shall be set forth in the preliminary proofs of such loss, with their respective interests therein. Goods held on storage must be separately and specifically insured

" 3. Whenever gunpowder, phosphorus, saltpetre, coal oil or any article subject to legal restriction, shall be kept cr used on said premises in quantities greater than the law allows, or in a manner different from that prescribed by law, this policy shall be null and void.

" 4. Books of accounts, written securities, evidences of debt, titles to property, ready money and profits, cannot be insured. Jewels, jewelry, plate, clocks, watches, medals, curiosities, paintings, engravings, sculpture, statuary and musical instruments, looking glasses, plate-glass, wall-paper, and bordering over fifty cents per piece, decorative painting, stucco work and fancy flooring, are not included in this policy, unless specified.

" 10. Persons sustaining loss or damage by fire shall forthwith give notice thereof in writing to the company, at their office, and as soon after as possible they shall deliver a true and particular account of their loss and damage, rendering to this company a schedule or list of articles destroyed or damaged, stating item by item and article by article. And they shall accompany the same with their oath or affirmation, declaring the said account to be true and just; showing also the ownership of the property insured; what other insurance, if any, existed on the same property, and giving a copy of the written portion of the policy of each company; what was the whole cash value of the subject insured; what was their interest therein; in what general manner (as to trade, manufactory, merchandise or otherwise) the building insured, or containing the subject insured, and the several parts thereof, were occupied at the time of the loss, and who were the occupants of such building; and when and how the fire originated, so far as they know or believe. They shall also produce a certificate, under the hand and seal of a magistrate, notary public or commissioner of deeds, most contiguous to the place of the fire, and not concerned in the loss, as a creditor or otherwise, or related to the insured or sufferers, stating that he has examined the circumstances attending the fire, loss or damage alleged; and that he is acquainted with the character and circumstances of the insured or claimant; and that he verily believes that he, she or they have, by misfortune, and without fraud or evil practice, sustained loss and damage on the subject insured to the amount which such magistrate, notary public or

commissioner of deeds shall certify.  When merchandise or other personal property is partially damaged, the insured shall forthwith cause it to be put in as good order as the nature of the case will admit, assorting and arranging the various articles according to their kinds, separating the damaged from the undamaged; and shall cause a list or inventory to be made and furnished to the company of the whole, naming the quantity and cost of each. The amount of sound value and of damage may then be ascertained by the examination and appraisal of each article, by disinterested appraisers, mutually agreed upon, one half of the appraisers' fees to be paid by the insurers ; and the insured shall, if required, submit to an examination under oath, by the agent or attorney of the company, and answer all questions touching his, her or their knowledge of anything relating to such loss or damage, or to their claim thereupon, and subscribe such examination, the same being reduced to writing; and whenever required in writing, the insured, or person claiming, shall produce and exhibit his books of account and other vouchers to the insurers or their agent, at the office of this company, in support of his claim, and permit extracts and copies thereof to be made; and shall also produce certified copies of any bills or invoices of property destroyed or damaged, the originals of which may have been lost, mislaid or destroyed; and shall also exhibit to any persons named by the company, and shall permit it to be examined by them, any property damaged, on which any loss is claimed, or any property saved which was insured by this policy ; and until such proofs, declarations and certificates are produced, and such appraisals and examinations of property permitted by the claimant, the loss shall not be payable.  All fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy.

" 13. Any concealment of facts in the application for this policy, such as other and more hazardous occupation, or an attempt to set the property on fire, or threats of the same, or anything which would add materially to the risk, such concealment will void the policy ; and when insured premises have been on fire, or an attempt made to fire the same, the assured must give immediate notice thereof to this office, otherwise this policy will be void.

" 14. In case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether such other insurance be by specific or by general or floating policies.

" 16. Any building insured by this company, becoming vacant or tenantless for a period of thirty days, notice thereof must be immediately given to the secretary and his consent thereto obtained in writing, otherwise this policy shall be void."

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

The building insured was owned by the plaintiffs subject to the right of dower of their mother. That right had been assigned and set off to her, and she had conveyed it to one Crosby, who had effected an insurance thereon in another company at the time the policy in suit was taken out, and Crosby, after the fire, was paid the amount insured by his policy. The building was destroyed by fire on August 19, 1873. On that day and for more than thirty days before, the portion of the building assigned in dower was occupied by the tenants of Crosby, and the plaintiffs' part was unoccupied. .

On October 7, 1873, the plaintiffs furnished the defendant with the preliminary proofs of the loss. The certificate required by the tenth condition of the policy to be made by the " magistrate most contiguous to the place of the fire," was made by George Gay, who lived in Pittsfield more than half a mile further from the building burned than two other magistrates.

The defendant requested the judge to give the jury certain instructions, of which the following only are now material:

" 7th. The policy covered premises declared insured as occupied premises.

" 8th. The certificate by Gay is the procuring of the plaintiff. This should be truthful, and is intended for the protection of the insurance company against wrong being done them.

" 9th. The terms of this certificate refer to a magistrate nearest or most contiguous to the place where the fire was, viz. : the spot where the building burnt stood, one who would be apt to know and could easily know of what had existed and occurred.

" 10th. The plaintiffs are to make out that they have in all things complied with the requirements of the conditions 2, 10, 13, 14 and 16, of this policy.

" 12th. The calculation of the present value of a dower right has nothing to do with the right of the widow to the use and control of the land when set out to her."

The judge gave, instead of the seventh instruction requested, the following : " The policy covered premises declared insured as occupied premises, but the mere fact that the premises were unoccupied at the time of the fire will not make the policy void, unless the jury are satisfied that the want of occupation increased the risk in this case; " and refused the other requests above stated.

The judge also instructed the jury, that, as it appeared that the magistrate Gay resided in Pittsfield, though at a distance of half a mile or more from the burnt premises, it would not vitiate the certificate made by him, to prove that the other magistrates lived in dwelling-houses nearer to the premises, and upon the next street; that the premises set off to the widow were hers to occupy during her life, and that she could legally convey her rights, and her grantee legally claim the premises so conveyed. The judge declined giving the twelfth instruction requested, being unable to perceive its bearing upon the case.

The jury returned a verdict for the plaintiffs; and to the foregoing rulings and refusals to rule as requested the defendant alleged exceptions.

*T. P. Pingree & J. M. Barker,* for the defendant.

*A. J. Waterman,* for the plaintiffs.

GRAY, C. J.    The St. of 1864, *c.* 196, requires that " the conditions of the insurance shall be stated in the body of the policy." It has been held by this court that this requirement is complied with by a statement of the substance of the condition on the face of the policy, with a distinct reference to the schedules or details of regulations printed upon a subsequent page of the instrument · but that a mere general declaration upon the face of the policy that it is made and accepted in reference to the conditions annexed, and that they are part of the contract, cannot be allowed any effect, without evading the provision and defeating the object of the statute. *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass 420, 426, 428.    The present case is to be determined by the application to the policy before us of the rule thus established.

The clause which declares that " this policy is made and accepted in reference to the conditions hereunto annexed, which are hereby made a part of this policy, and to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for," is of no effect whatever.

The provision that if the premises, at the time of the fire, shall " be in whole or in part occupied for any purpose considered, rated or classified as more hazardous, in the printed conditions hereto annexed, than that described in the application," unless permission so to occupy them is expressed in or indorsed on the policy, the policy shall be void, evidently refers to the classification of risks as hazardous, extra hazardous or specially hazardous, as mentioned in the first and thirteenth conditions of insurance annexed, and might perhaps include the third and fourth conditions relating to articles illegally kept, or not insurable at all, or required to be particularly specified ; but cannot be deemed to include the second condition, requiring a description of the nature of the interest of the assured, or the fourteenth, as to other insurance, or the sixteenth, as to buildings remaining unoccupied for thirty days, the effect of which would depend not upon the question whether the premises were in that state at the time of the fire, but whether they had continued in that state for thirty days.

The provision requiring proofs of loss to be made " in accordance with the terms and provisions of this policy " contains no reference to the conditions of insurance upon the back of the policy, and does not therefore state them as the statute requires.

It follows that the seventh, eighth, ninth and tenth requests for instructions were rightly refused, and that the defendant has no ground of exception to the instructions given upon the subjects embraced in those requests. The tenth and sixteenth conditions of insurance not being so stated in the policy as to bind the assured, it is unnecessary to consider whether the construction given to those conditions at the trial was correct.

This court concurs in the opinion of the court below that the twelfth instruction requested does not appear to have been material.                                            *Exceptions overruled.*