WILLIAM TAYLOR & another *vs.* ÆTNA INSURANCE COMPANY.

Plymouth. Oct. 19 1875. Jan. 24. — May 5, 1876. GRAY, C. J., did not sit.

A policy of fire insurance contained, after the statement of the property insured and the amount of the insurance, the following clause : "Reference is had to application on file at this office, which is hereby made a part of this policy, and a warranty on the part of the assured." *Held,* that, by force of this clause, the statements in the application, from representations antecedent to the contract, became stipulations forming part of it, and as such, to have any binding force, should, under the provisions of the St. of 1864, *c.* 196, have been set forth in the body of the policy. *Held, also,* that a subsequent clause in the policy, that the insurers were not to be liable " if the insured, in the written or verbal application for insurance makes any erroneous representation materially affecting the risk," did not vary the construction to be given to the contract as to the statements in the written application.

A clause in a policy of fire insurance, that the insured shall, in case of loss, make affidavit stating " the whole value and ownership of the property insured," does not require the insured to make any statements with regard to incumbrances on the property.

CONTRACT upon two policies of fire insurance upon buildings and machinery at Plympton, in Plymouth County, issued by the defendant, a corporation under the laws of Connecticut. The policies each contained, after the statement of the property insured and the amounts of the insurance, the following clause : " Reference is had to application on file at this office, which is hereby made a part of this policy and a warranty on the part of the assured," and the further clauses that the company was not to be liable for loss or damage " if the assured, in the written or verbal application for insurance, makes any erroneous representation materially affecting the risk," and " all persons having a claim under this policy shall give immediate notice and render a particular account thereof, with an affidavit stating the time and circumstances of the fire, the whole value and ownership of the property insured," &c. The applications, which were dated May 16, 1873, and signed " W. & C. K. Taylor, by B. S. Kingman," contained the following questions, against each of which the word " No " was written : " 5. Is the property mortgaged; if so, to what amount ? 6. Is there any other party interested in this property."

The property insured was totally destroyed by fire on May 23, 1873. The notices to the company and claim stated that the whole value of the property at the time of the fire was forty-five hundred dollars or more, and that the property belonged to the plaintiffs, and no other person or party had any interest therein.

At the trial in this court, before *Morton*, J., it appeared that the policies were issued by an agent of the defendant in this Commonwealth; and that at the time of the insurance there was a mortgage on the property, duly recorded, for $2500, on which $1800 only had been paid. There was also other evidence bearing upon the question whether Kingman had authority to sign the applications for the plaintiffs, which need not be stated.

The judge reported the case for the consideration of the full court, judgment to be entered for the plaintiffs for $3050, with interest, if the plaintiffs were entitled to maintain their action; otherwise, for the defendant.

The case was argued in October, 1875, and reargued in January, 1876.

*B. W. Harris & P. E. Tucker*, for the plaintiffs.

*C. G. Davis*, for the defendant.

COLT, J. This case depends upon the provisions of the St. of 1864, *c.* 196, which regulate the form to be used in all fire policies issued by companies chartered or doing business in this Commonwealth The statute requires that "the conditions of the insurance shall be stated in the body of the policy, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty, or a part of the contract, except so far as they are incorporated in full into the policy, and so appear on its face, before the signatures of the officers of the company."

The policies upon which this action is brought were issued upon the plaintiffs' applications filed in the office of the company. The defence is that these applications contained false representations of existing facts, made material by specific inquiries. It is contended that such representations, on general principles, without regard to the forms of the policies or the requirements of the statute, are sufficient to avoid the contract, because as mere representations they form no part of it, but only furnish the basis on the faith of which it is made If materially false,

no contract takes effect, and the minds of the parties never meet. *Towne* v. *Fitchburg Ins. Co.* 7 Allen, 51. *Campbell* v. *New England Ins. Co.* 98 Mass. 381, 393. The St. of 1864, it is said, is not applicable, because its provisions expressly relate only to those conditions and stipulations which necessarily make part of the contract, leaving all representations, verbal or written, uncontrolled in their effect upon it.

The point thus taken would deserve attention if the false statements relied on in these applications were, by the true construction of these policies, to be treated as the representations and not the written warranties of the assured. If they are the latter, then it is plain they come within the provisions of the statute; and, if not incorporated into the policy, must be disregarded in determining the rights of the plaintiffs. *Barre Boot Co.* v. *Milford Ins. Co.* 7 Allen, 42. *Kimball* v. *Ætna Ins. Co.* 9 Allen, 540, 551. *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420. *Luce* v. *Dorchester Ins. Co.* 105 Mass. 297. *Mullaney* v. *National Ins. Co.* 118 Mass. 393.

In the written part of each policy, reference is made by number to the plaintiffs' application on file in the office of the company, which is declared to be " part of this policy and is made a warranty on the part of the assured." The statements contained in the application are in no other way incorporated into or made part of it, but the parties have thus agreed to change their character from representations which precede, to stipulations which form part of the contract. The policy is the evidence of the obligations assumed by each, and it is competent for the insurer, by a contract assented to, thus to give a different and increased effect to the application of the assured. *Burritt* v. *Saratoga County Ins. Co.* 5 Hill, 188. *Egan* v. *Mutual Ins. Co.* 5 Denio, 326.

It would be a manifest evasion of the statute, if the defendant were now permitted, in the face of this stipulation, to defeat the plaintiffs' recovery by treating these applications as representations which need not be set out in the contract, instead of warranties which must appear on the face of it, if they are to have binding force.

There is indeed a subsequent clause, in the printed part of the policy, which provides that the company shall not be liable if the

assured, in the written or verbal application for insurance, makes any erroneous representations materially affecting the risk. But this does not vary the construction to be given to the policy in the respects indicated. The printed clause is broader than the written clause first named; it covers all verbal or written representations outside the formal application numbered and filed in the office. The character of that application and the use to be made of it is alone determined by the written clause first named, and full effect is thus given to both clauses without conflict.

The defendant further contends that the loss upon these policies has not become payable, because, in the proofs of loss, the plaintiffs have incorrectly stated the ownership of the property insured. The policies require them to state "the whole value and ownership of the property insured." This they have done within the meaning of the requirement. They were not required to make any statement in regard to incumbrances. In adopting the defendant's printed form for proof of loss, the plaintiffs have indeed stated that no other person was interested in the property, when it was in fact under mortgage, but there is nothing which makes a misstatement in this respect, contained in the proofs of loss, fatal to the plaintiffs' right of recovery.

In the result to which we come, it is unnecessary to consider whether Kingman, who filled out these applications, is to be regarded as an authorized agent of the plaintiffs in that act.

*Judgment for the plaintiffs.*