14361.  HUGHES *v.* BIVINS.

BELL, J.  1.  Where an owner of realty sells to another, "successors and assigns," the timber on the lands for sawmill purposes, including the usual right of ingress and egress, with the further privilege of establishing a sawmill upon the premises, one who is employed by a transferee of the purchaser to cut, haul, and saw the timber at a certain sum per thousand feet, and who on entering the premises for that purpose is forced by the threats and violence of the vendor of the timber to vacate the premises and to cease his employment, is entitled to maintain an action in tort against the vendor for the wrongful interference with his right of possession. Civil Code (1910), §§ 4470, 4472; *Daniel* v. *Perkins Logging Co.*, 9 Ga. App. 842 (72 S. E. 438).

2.  What the plaintiff would have earned *net*, and the cost of paying idle labor and of keeping idle teams, necessarily expended, during the enforced interruption, are legitimate items of special damage, not exceeding the gross price which the plaintiff would have received under his contract for converting the timber into lumber. Civil Code (1910), §§ 4502, 4505, 4508, 4510; *Southwestern Railroad Co.* v. *Vellines*, 14 Ga. App. 674 (2) (82 S. E. 166) ; *Smith* v. *Eubanks*, 72 Ga. 280 (8 a) ; *Carlisle* v. *Callahan*, 78 Ga. 320 (2) (2 S. E. 751) ; *Stevens* v. *Stevens*, 96 Ga. 374 (3) (23 S. E. 312) ; *Telfair County* v. *Webb*, 119 Ga. 916 (2) (47 S. E. 218) ; *Georgia Railway & Electric Co.* v. *Wallace*, 122 Ga. 547 (4) (50 S. E. 478) ; *Telfair County* v. *Clements*, 1 Ga. App. 437 (2) (57 S. E. 1059) ; *Southern Railway Co.* v. *Stearns*, 8 Ga. App. 111.

(a)  Evidence of the net earnings which the plaintiff had previously and thitherto made at the same employment under the identical contract, and under similar conditions, determined by the average daily output of the mill, is admissible in support of the petition. *Southwestern Railroad Co.* v. *Vellines*, supra.

(b)  Irrespective of whether the elements of damage stated above would be appropriate in an action for a breach of contract, "a very definite difference is generally recognized between consequential damages which may be recovered for the breach of a contract and similar damages recoverable for a tort." In a case of tort it is unnecessary for the plaintiff to show that the defendant had knowledge of the contract between him and his employer. *Southwestern Railroad Co.* v. *Vellines*, supra.

3. In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages. Civil Code (1910), § 4503. While the additional damages provided for by this section cannot be imposed in any case unless there is wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences (*Southern Railway Co.* v. *O'Brien,* 119 *Ga.* 147 (1), 45 S. E. 1000; *Cole* v. *Western Union Telegraph Co.,* 23 *Ga. App.* 479 (3), 98 S. E. 407), yet the averments in the instant case, showing that the defendant was acting without right, and charging that she assaulted the plaintiff, struck him with a stick and a snake, and beat his mules and threatened his employees, and that the acts so committed were "wanton, malicious, wilful and vindictive," were sufficient upon which to predicate a claim for punitive damages.

4. The rulings made above are controlling of the exceptions to the overruling of the demurrer to the petition, and of the special assignments in the motion for a new trial, excepting complaints of irregularities at the reception of the verdict. None of the rulings were erroneous. The charges were in accordance with the law and warranted by the evidence.

(*a*) The evidence did not demand, even if it authorized, a finding that the plaintiff's claim of the right to locate the sawmill on the place in controversy, and to cut certain timber which the defendant denied his right to cut, had been determined against him by arbitration. The conclusion was warranted that the only thing done in respect to adjusting these differences was an effort between the defendant and the plaintiff's employer, by or with their counsel, to compromise the matters in dispute, but that, without any agreement being reached (none is indisputably shown), the plaintiff, at the voluntary suggestion of his employer, settled his mill at another place, for the purpose of avoiding additional damage by reason of threatened continued interferences by the defendant. Even assuming that a compromise agreement was shown without question, it does not conclusively appear that the settlement included a determination that the plaintiff had *thitherto* proceeded without right, or that his claim for past damage was extinguished, but it was inferable that only his future conduct was affected.

(*b*) Moreover, it appears that prior to the verdict complained of, the claim of the plaintiff in regard to locating the mill and cutting the timber was adjudicated against the defendant in a suit against her by the plaintiff's employer, wherein upon the finding of a jury her further interference was enjoined.

(*c*) The evidence did not demand a finding that any of the interruption in the plaintiff's operations for which he sued was caused by the orders of his employer, or that the plaintiff consented thereto, even though in the meantime there were negotiations for a compromise, but authorized the inference that all of the interruption was the result of the wrongful acts of the defendant.

(*d*) Where the defendant gave cause for the recovery of punitive or exemplary damages under the Civil Code, § 4503, she would not be absolved by the mere fact that soon thereafter she offered to shake hands with the plaintiff and "make friends," and that the offer was accepted, though the plaintiff's subsequent condonation might go in mitigation of the damage.

5. The special damages were laid in the sum of $512.75; and there being some evidence to authorize not only a recovery of these items in full, but the allowance of additional damages under the provisions of the Civil Code (1910), § 4503, the verdict for $537.75 cannot be held to be excessive.

6. When the verdict was first published, finding "for the plaintiff $512.75 for damages, also . . for punitive damages $25.00," the court, upon motion of the plaintiff, instructed the jury to retire and "consolidate the amount found by their verdict in a round sum, and so write their verdict and return it into court." The jury retired and returned with a verdict for $537:75, in a single sum. The defendant objected to this procedure, and insisted that the verdict as originally read and published should not be altered; "that the verdict as originally returned showed that the jury had considered and adjudged punitive damages for the plaintiff," which the defendant "contended was not involved and did not form an element of damages under the evidence of the case." Error is assigned upon the action of the court in overruling these objections. *Held,* that the verdict as finally returned did not enlarge the plaintiff's recovery, nor include in its original form any element of recovery unwarranted by the evidence. The defendant was therefore in no way prejudiced.

7. The court did not err in overruling the motion for a new trial.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 23, 1923. REHEARING DENIED FEBRUARY 8, 1924.

Action for damages; from Marion superior court—Judge Munro. February 1, 1923.

*Hatcher & Hatcher,* for plaintiff in error.

*W. D. Crawford, W. B. Short,* contra.