### 24763. CHILDREY *v.* BRANTLEY *et al.*

. DECIDED NOVEMBER 18, 1935.

*H. C. Holbrook,* for plaintiff in error.

*Gavin D. McKay, Edward T. Hughes,* contra.

SUTTON, J. The plaintiffs brought suit in the municipal court of Atlanta, claiming that the defendant was due them $25 per month rent for two and one half months on certain premises occupied by him. The jury returned a verdict for the full amount sued for. The defendant moved for a new trial, which was overruled, and the appellate division of the municipal court of Atlanta affirmed the judgment. The exception here is to that judgment.

1. The defendant was occupying the premises of the plaintiffs as a tenant at will at a specified monthly rental, and being unable to pay his rent notified the plaintiffs of that fact and stated that he would vacate the premises. The plaintiffs consented for the defendant to remain in the premises for about two years without the payment of any rent in order to keep their premises occupied, with the understanding that the defendant should be given thirty days' notice before being required to vacate. On May 25, 1934, one of

the plaintiffs notified the defendant that he would have to begin paying rent on June 1, 1934, at $30 per month, if he wished to continue to occupy their premises, and the defendant replied on May 29, 1934, telling plaintiffs that he could not pay this amount of rent as his business would not justify it, and could vacate the premises "within few days' notice," but that he had expended $15 in improving the premises, which plaintiffs did not dispute. In consideration of these repairs plaintiffs agreed that defendant could have until June 15th, 1934, for his rent to begin and told defendant he could have the property at $25 per month. The defendant again told the plaintiffs he could not pay that amount but would pay $20, to which plaintiffs refused to agree. The defendant occupied the premises until July 31, 1934, and then vacated them without the payment of any rent. This evidence did not show an express contract to pay $25 a month, and the verdict for rent beginning June 15, 1934 and ending August 31, 1934, based on a contract at the rate of $25 a month, was not authorized by the evidence.

But as the defendant continued to occupy the premises after the expiration of thirty days from May 25, 1934, when he was notified that he would have to pay rent, which plaintiffs later told him would be $25 per month, there was an implied contract to pay this amount of rent. So all the defendant would be liable for would be at the rate of $25 per month from June 25, 1934, until he vacated on July 31, 1934. This would amount to $30, less the undisputed amount of $15 expended by the defendant for repairs, which would leave a balance of $15.

The judgment for $62.50 was not authorized, but if the plaintiffs will write off $47.50 from that judgment, reducing the amount of the recovery to $15, before or at the time the judgment of this court is made the judgment of the lower court, the same will stand affirmed. On failure to do this, the judgment will stand reversed. Let the defendants in error pay all costs of the writ of error.

*Judgment affirmed on condition. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. Assuming, but which is not conceded, that the notice of May 25, in which the defendant was requested to pay rent from June 1st at the rate of $30 per month, amounted to notice to him to vacate the premises or to a termina-

tion of the contract at the expiration of 30 days from that date, the defendant, in occupying the premises after the expiration of the term, did so either as a tenant holding over or as a tenant under a new rental contract. If he was a tenant holding over, he would be liable for rent at the rental value of the premises during the period of occupancy after the expiration of the term. If he was a tenant under a new contract, he would be liable for the amount of the rent contracted to be paid either expressly or by implication. It appears, conclusively and without dispute, from the evidence that there was no express agreement renewing the contract for a period after the expiration of the term, or as to any amount to be paid as rent. The defendant expressly refused to pay the $30 proposed by the plaintiffs. There is evidence that the plaintiffs, at some time after May 25th, the date of the notice, proposed to lease the property to the defendant at $25 per month, but it does not appear that this proposal was made prior to the date of the alleged expiration of the term. The evidence as to this is contained in the testimony of Mr. McCord, one of the plaintiffs, who was the only witness for the plaintiffs. He testified that after the defendant's letter of May 29th to the witness, he did not hear from the defendant "for sometime, and he 'phoned him," and the defendant then stated that he would not pay more than $20 per month, and the witness stated to the defendant that the witness would take $25 per month; that the defendant and the witness never did agree on the amount to be paid; that the defendant came to the witness's office "about the last of June, 1934," and offered to rent the premises at $20 per month, "but witness did not agree to it, but offered to rent the same to defendant for $25 per month, and defendant would not agree to this; and that no agreement was ever made between him and the defendant as to the same; but continued in his demand for $25 a month." On the assumption that the letter to the defendant of May 25, in which $30 rent was demanded from the first of June, constituted 30 days notice of the termination of the contract of June 25th, a demand to pay rent at $25 per month made upon the defendant "sometime" afterwards, or a demand to this effect made "about the last of June, 1934," certainly does not appear to be a demand made prior to June 25, the date which, as is contended, was the expiration of the term by virtue of the notice contained in the letter of May 25. There

is some evidence in the testimony of Mr. McCord that he wrote the defendant a letter dated June 2, 1934, and deposited this letter in the United States mail. The contents of this letter do not appear. The defendant, however, testifies, and it is uncontradicted, that he never received this letter.

The question therefore is, did the defendant, in remaining in possession of the premises after the expiration of 30 days from May 25, do so under an implied agreement to pay rent at $25 per month, or in any amount, as proposed by the plaintiffs? The evidence appears to be insufficient to authorize an inference that at any time prior to the expiration of 30 days after May 25th, i. e. prior to June 25th, the plaintiffs offered to make a contract of rental with the defendant at a rental of $25 per month, or any other amount, for the period beginning at the expiration of the defendant's term, assuming that the term expired on June 25. The evidence therefore is insufficient to authorize the inference that the defendant, in remaining in possession of the property after June 25, did so under an implied acceptance of any offer by the plaintiffs to make a new contract for any definite amount as rental. Besides, if the defendant held over after the plaintiffs had proposed to make a new contract for a definite amount to be paid as rent, this did not amount to an acceptance of the plaintiffs' proposal as respects the amount of rent to be paid. Where, before the expiration of a tenant's term, the landlord proposes to the tenant a renewal of the contract at an advanced rental, and the tenant expressly refuses to accept the proposition, and makes a counter-proposition as to the amount of rent to be paid, the mere act of the tenant in remaining over after the expiration of the term does not amount to an implied contract to pay rent during his occupancy after the expiration of the term at the advanced rental proposed. The tenant would be liable only for the rental value of the premises. There is no evidence whatsoever as to the rental value of the premises. Therefore the evidence is insufficient to authorize a verdict for the plaintiffs. I am of the opinion that the court erred in overruling the defendant's motion for a new trial, and must dissent from the judgment of affirmance.