24891. BROWN *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED JANUARY 17, 1936.

*Clark Edwards Jr.,* for plaintiff in error.
*Rupert A. Brown,* contra.

BROYLES, C. J. General Motors Acceptance Corporation brought suit against Julius P. Brown for the balance of the purchase-price of an automobile sold to him by Lavonia Chevrolet Company under a written conditional-sale contract, the Lavonia Chevrolet Company having sold and assigned to the plaintiff all of its interest in the contract and the property covered by it. Certain allegations of the answer were demurred to on the grounds that they failed to set forth a valid defense, that they were immaterial and irrelevant, that they contradicted the provisions of the contract attached to the petition as an exhibit, and that they set up an improper measure

of damages. The demurrer was sustained on October 15, 1934, and the attacked paragraphs of the answer were ordered stricken unless proper amendments were filed within ten days. To this judgment the defendant excepted pendente lite, and assigned error thereon in his bill of exceptions. On March 12, 1935, the defendant offered an amendment to his answer to meet the alleged defects pointed out by the demurrer. The amendment was disallowed, and to that judgment exception was taken. The case proceeded to verdict and judgment in favor of the plaintiff, and to that judgment the defendant excepted solely on the ground that the alleged errors in sustaining the demurrer to portions of the answer and in disallowing the proffered amendment to the answer were controlling in effect, and therefore the verdict and final judgment were illegal. *Held:*

1. The court erred in sustaining the demurrer to those paragraphs of the answer which alleged that the defendant was entitled to a set-off of $12, which he was forced to expend for the purchase of a passenger-car carburetor, the automobile in question (a passenger-car), when delivered to the defendant, being improperly equipped with a truck carburetor which caused an excessive consumption of gasoline.

2. The demurrer to the other paragraphs of the answer was properly sustained.

3. The court did not err in disallowing the proffered amendment to the answer, since it was not tendered within the ten days allowed by the court.

4. The judgment is affirmed on condition that the plaintiff write off twelve dollars from the amount of the judgment; otherwise the judgment is reversed. The costs of bringing the case to this court are taxed against the defendant in error.

*Judgment affirmed on condition. MacIntyre and Guerry, JJ., concur.*