32984. AMERICAN AIRMOTIVE COMPANY *et al.* v. MEYER.

SUTTON, C. J. This was a distress warrant proceeding in Houston Superior Court for $4000 unpaid rent on an open tract of land used for storing airplane motors. The evidence for the plaintiff shows, in substance, that the plaintiff, Meyer, was the lessor of the land and agreed in writing with one of the defendants, on March 28, 1947, in connection with transporting certain airplane motors, approximately 800 in all at one time or another, to allow them to be stored on the land free of charge for a period of four months from March 28, 1947, and that the motors were stored on the land; that in a letter dated September 24, 1947, received by one of the defendants on September 26, 1947, the plaintiff notified the defendants that effective on September 29, 1947, a charge of $250 per month, payable in advance, would be made for the use of the land for storage of the motors; that thereafter the plaintiff billed the defendants for storage at this rate, for the first month, and later for an entire year; and that the motors, or some of them, were stored on the land continuously from the time of notice until this action was commenced, on January 19, 1949. The evidence for the defendants shows, among other things, that a letter dated October 17, 1947, signed by one of the defendants, was sent or given to the plaintiff, and that in this letter it was stated that there was no agreement to pay any rental charges. The plaintiff denied receiving this letter. The jury returned a verdict for the plaintiff for $4000, judgment was rendered accordingly, and the defendants moved for a new trial, the motion consisting only of the general grounds. This motion was overruled, and the defendants excepted.

The verdict and judgment for the plaintiff for the unpaid rent was authorized under the evidence to the extent of $3916.67 on the theory that the relationship of landlord and tenant existed and that there was an implied contract to pay rent after the notice from the plaintiff to the defendants as to the charge of $250 per month, effective September 29, 1947, for the continued use and occupancy of the land until January 19, 1949, a period of 15-2/3 months at $250 per month. Code, § 61-103; *Childrey* v. *Brantley*, 52 *Ga. App.* 146 (182 S. E. 675). The amount of the verdict is $4000 and it is directed that $83.33 be written off. Code, § 6-1610. The costs of this appeal are taxed against the defendant in error. Code, § 6-1705.

*Judgment affirmed, with direction. Felton and Worrill, JJ., concur.*

DECIDED MAY 5, 1950.

*Sergio Marazzi, Ernest E. Mahler*, for plaintiffs in error.
*Sam A. Nunn, Calvin B. Oliver*, contra.