## 39403. ROYAL INSURANCE COMPANY, LTD.
## v. COHEN.

CARLISLE, Presiding Judge. 1. Where the policy of fire insurance sued on contained only a general provision relating to avoidance of the policy on account of concealment or fraud by the insured and where it did not contain any provision expressly voiding it if the insured property should be mortgaged without the consent of, or without notice to the company, and where the policy was issued with a mortgage clause showing that the loss, if any, on the insured property would be payable to a named mortgagee, the fact that the insured, after the issuance of the policy and prior to the loss, borrowed a sum of money from a lender other than the mortgagee named in the policy and paid off the named mortgagee and gave the new lender a deed to secure debt on the property, did not show a wilful concealment or misrepresentation of any material fact by the insured within the meaning of the policy (see Hosford v. Germania Fire Ins. Co., 127 U. S. 399, 8 SC 1199, 32 LE 196; Universal Ins. Co. v. Arrigo, 96 Colo. 531, 44 P2d 1020; Taylor v. Aetna Ins. Co., 120 Mass. 254 (2); 45 C. J. S. 262, Insurance, § 532a), and the trial judge did not err in overruling the motion for a judgment n. o. v. on the ground that the evidence showed that the policy was void because the plaintiff had made material misrepresentations or concealments of fact.

2. Where, on the trial of a suit on a fire insurance policy, the plaintiff testified that the original policy had been lost in the fire, and where the defendant introduced in evidence merely a blank policy form which the plaintiff testified did not look like the policy originally issued to her, it was not error for the court to instruct the jury that the burden was on the defendant to establish that the provisions of that form were the same as those contained in the original policy issued to the plaintiff, and that the original policy required that the plaintiff furnish a sworn proof of loss stating certain particulars with respect to the loss and such charge was not error as against the contention that it was an expression or intimation of opinion by the court, that there was valid evidence upon which the jury could base a finding that the copy of the policy introduced by the defendant was not a true or correct copy of the original policy, and this is true notwith-

standing that the agent who issued the policy to the plaintiff on behalf of the defendant testified that to his knowledge there had been no changes in the form since the time the policy sued on was issued.

3. The term "bad faith," as used in *Code* § 56-1206 (Ga. L. 1960, pp. 293, 502), means any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy. *American Fire &c. Co. v. Barfield*, 81 Ga. App. 887 (3) (60 SE2d 383). The burden of showing bad faith is on the plaintiff, and in order to carry this burden it is incumbent upon the plaintiff to introduce evidence showing bad faith. *Pearl Assurance Co. v. Nichols*, 73 Ga. App. 452, 455 (5) (37 SE2d 227); *Life & Cas. Ins. Co. v. Freemon*, 80 Ga. App. 443 (56 SE2d 303). Where it appears from the evidence that the defendant's refusal to pay was justified on the basis of the facts appearing to the defendant at the time of the refusal, bad faith is not shown (*Georgia Life &c. Ins. Co. v. Gammage*, 91 Ga. App. 125, 128 (1), 85 SE2d 85), and if the evidence can be said to have authorized a finding in accordance with the contentions of the defendant, a finding of bad faith is not authorized. *Southern Ins. Co. v. Ray*, 40 Ga. App. 262 (2) (149 SE 304); *Guaranty Life Ins. Co. v. Martin*, 44 Ga. App. 545 (2) (162 SE 288). In the instant case the plaintiff sought recovery on a policy of fire insurance insuring her house in the amount of $2,000, it appearing from the evidence that there was another policy of equal amount issued by another company. Under the terms of the policy, each company was liable for one-half of the loss. The evidence shows that during negotiations with the defendant prior to suit the plaintiff always contended that the defendant was liable to her for the full amount of the policy and that her house was worth in excess of $4,000 when it was destroyed by fire. The evidence fails to disclose that the plaintiff ever offered to accept anything less than this amount. The adjuster representing the defendant testified in detail as to how he arrived at his appraisal of $1,500 as the value of the plaintiff's house before it was destroyed and as to his computation of the cost of replacing it for $2,400. The defendant's adjuster, after first offering the plaintiff $750 based on the appraisal, offered plaintiff a settlement of $1,200, which was

refused. The jury apparently took the valuation of $3,000 placed on the house by the plaintiff's own. witness and found for the plaintiff in the amount of $1,500. The evidence clearly showed that the defendant insurance company had a reasonable basis for contesting the plaintiff's demand that it pay $2,000. Accordingly, the finding of damages and attorney's fees was unauthorized. The verdict for $1,500 was authorized and the judgment will, therefore, be affirmed on condition that the sums found by the jury as penalties and attorney's fees be written off. Otherwise, the judgment will be reversed.

4. It is never bad faith for a litigant to insist upon any right afforded to him under the law. It was, therefore, improper argument on the part of counsel for the plaintiff to suggest to the jury that the defendant was guilty of bad faith in having the case reported, and the trial judge should have prevented such argument upon proper motion by counsel for the defendant. Since this argument went only to the issue of bad faith, its harm will be cured by the plaintiff writing off the penalty and attorney's fees.

5. The trial court submitted to the jury the question of the amount of attorney's fees. This was error. Under *Code* § 56-1206 as it now reads, attorney's fees are to be fixed by the judge after the jury has found bad faith. However, any harm resulting to the defendant in the submission of this issue to the jury will also be cured by the plaintiff writing off the amounts awarded for penalties and attorney's fees.

6. Since the provision herein for the writing off of penalty and attorney's fees amounts to a substantial modification of the judgment in the trial court, the costs of bringing the case to this court are taxed against the defendant in error. *Brown v. General Motors Acceptance Corp.*, 52 Ga. App. 409, 410 (4) (183 SE 632); *American Airmotive Co. v. Meyer*, 81 Ga. App. 554 (59 SE2d 514); *Anderson v. Beasley*, 169 Ga. 720 (151 SE 360).

*Judgment affirmed on condition. Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 11, 1962.

*Conyers, Fendig, Dickey & Harris, Chris B. Conyers,* for plaintiff in error.

*W. N. Little,* contra.