39486. CO-OP CAB COMPANY, INC., et al.
v. ARNOLD, by Next Friend.

Decided May 18, 1962—Rehearing denied June 18, 1962.

162

*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* for plaintiffs in error.

*Guy B. Scott, Jr.,* contra.

RUSSELL, Judge. ■ "Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13). "It is the prerogative of the jury in arriving at a conclusion upon disputed issues of fact to believe certain parts only of the testimony of each witness and reject other parts of his testimony and combine these parts only

with other parts only of the testimony of other witnesses and reject other parts of the testimony of each of the other witnesses; it being their duty to ascertain the truth of the case from the opinion which they entertain of all the testimony submitted for their consideration." *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91 (42 SE 2d 179). An issue of fact may arise not only from contradictory evidence, but "implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto." *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256, 261 (175 SE 577). It was said in *Jackson v. Co-Op Cab Co.*, 102 Ga. App. 688, 690, supra: "Loss of consciousness, when due to arterial disease, [does] not fall within that class of temporary illness the continuance of which will not be presumed." The continuance of the disease was here fully established by proof, and knowledge of it on the part of the defendants sufficient to put them on notice that the driver might again black out while driving the taxi is sufficiently established by circumstantial evidence. Whether such knowledge, combined with such acts, amounted to negligence was a question for the jury. *Tift v. State*, 17 Ga. App. 663 (88 SE 41). This is true although the parties concerned, including the medical witness, insisted they did not have such notice, and although the doctor attributed the second seizure to some unknown and unconnected cause, and although the defendant Dye insisted that he had taken his medicine regularly and had no recurrent dizzy spells in the meantime. The motion for judgment notwithstanding the verdict and the general grounds of the new trial are without merit.

■ "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (1) (45 SE 1000); *Hughes v. Bivins*, 31 Ga. App. 198 (3) (121 SE 590). The plaintiffs here, while proving facts under which the jury could find the defendants negligent, failed to prove that they acted in wilful disregard of their doctor's orders, as

charged, or that their acts amounted to more than an unjustifiably optimistic hope that the catastrophe occurring in 1957 would not be repeated. Mere negligence, although gross, will not alone authorize the recovery of punitive damages. *Southern R. Co. v. O'Bryan,* supra. The proof here failed to measure up to the allegations under which punitive damages were sought in the petition.

3. Error is also assigned on the charge of the court of *Code Ann.* § 92A-404 regarding issuance and suspension of drivers' licenses. We do not think the language of the statute (Ga. L. 1937, p. 342) that no license shall be issued to a "confirmed drunkard or user of drugs" would have misled the jury into believing that because the defendant took medicine under prescription he would be precluded from obtaining a chauffeur's license. That part of the statute requiring that one who by reason of physical disability or disease is unable to operate a vehicle with safety shall suffer cancellation of his license upon knowledge by the authorities of such disability was relevant to a considerable portion of the testimony introduced without objection, including the facts that the defendant's license had been revoked after the second accident, and that he was presently driving on condition that his physician furnish a monthly statement that it was safe for him to do so.

The trial court did not err in overruling the motion for judgment notwithstanding the verdict or the amended motion for a new trial except as to the issue relating to the imposition of punitive damages.

The judgment is affirmed on condition that the plaintiff in error write off from said judgment the sum of $200 awarded as punitive damages within ten days from the date the remittitur of this court is made the judgment of the trial court; otherwise reversed.

Since the plaintiff in error thus obtains a substantial modification of the judgment in the trial court, the costs of bringing the case to this court are taxed against the defendant in error. *Brown v. General Motors Acceptance Corp.,* 52 Ga. App. 409, 410 (4) (183 SE 632); *American Airmotive Co. v. Meyer,* 81 Ga. App. 554 (59 SE2d 514); *Anderson v. Beasley,* 169 Ga. 720

(151 SE 360); *Shaheen v. Kiker*, 105 Ga. App. 692 (125 SE2d 541).

*Judgment affirmed on condition. Carlisle, P. J., and Eberhardt, J., concur.*

## On Motion for Rehearing.

Ground 1 of the amended motion for a new trial assigned error on a portion of the charge of the court reading in part as follows: "If you find that the plaintiff is entitled to recover and you find that the injury to the plaintiff, if any, was occasioned by the wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences, then you would be authorized to award punitive or exemplary damages to the plaintiff." It is contended in the motion for rehearing that this special ground was not passed on, but it in fact forms the second division of this opinion. Since there was no evidence upon which punitive damages could have been based, a charge on the subject was of course error. However, "a verdict which is erroneous may be corrected by the writing off of the illegal part if the illegal part can be determined and is separable from the rest. *Love v. National Liberty Ins. Co.*, 157 Ga. 259 (121 SE 648). Likewise, the appellate court may affirm the lower court upon condition that a part of the verdict be written off" if the illegal portion may be determined, although, if it cannot be, then a general reversal must result. *Reserve Life Ins. Co. v. Gay*, 214 Ga. 2 (102 SE2d 492). See also many cases annotated under *Code* § 6-1610, catchwords, "Write Off." In the present case the jury returned the following verdict: "We the jury find in favor of the plaintiff against the defendants. We grant damages to the amount of $4,000 on the first count (pain and suffering) and $200 on the second (punitive damages), a total of $4,200." It thus affirmatively shows that portion awarded as punitive damages. The error may accordingly be corrected, if the defendant in error so desires, by writing off the illegal sum of $200, or, by her failure to do so, suffering a general reversal of the case.

*Motion denied.*