39973. MILLS et al. v. MANGUM.

Decided April 15, 1963.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

JORDAN, Judge. The general grounds of the motion for new trial have been abandoned, it being the sole contention of the defendants, as set forth in the special ground of the amended motion, that the verdict for the plaintiff was excessive in that the evidence did not authorize an award of punitive damages.

With this contention we must agree. To authorize the imposition of punitive or exemplary damages there must be affirmative evidence of facts showing "wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Co-op Cab Co. v. Arnold,* 106 Ga. App. 160, 163 (126 SE2d 689). "If this be not the law, then practically every case of negligent injury can be made the vehicle of submitting to the jury the question of wilfulness and wantonness, by merely using adjectives in describing the character of the negligence." *Southern R. Co. v. Davis,* 132 Ga. 812, 819 (65 SE 131). Negligence, although gross, will not alone authorize the recovery of punitive damages. *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (45 SE 1000).

While the evidence in this case was sufficient to authorize the jury to find that Mrs. Mills was negligent in allowing her automobile to skid into the plaintiff's parked automobile and damage the same, there was no affirmative evidence of facts or circumstances which would authorize the finding that she intentionally

disregarded any duty owed the plaintiff or acted with such want of care as would amount to a conscious indifference to the consequences of such acts. Therefore, the award of punitive damages was error.

The verdict for actual damages and interest not being contested by the defendants, however, the judgment will be affirmed on condition that the sum of $500, awarded as punitive damages, be written off. Otherwise, the judgment will be reversed. Since the provision herein for the writing off of punitive damages amounts to a substantial modification of the judgment of the trial court, the costs of bringing the case to this court are taxed against the defendant in error. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 748 (6) (125 SE2d 709).

*Judgment affirmed on condition. Nichols, P. J., and Frankum, J., concur.*