### 40810. WALK v. CARTER.

JORDAN, Judge. This was an action in tort for fraud and deceit. The jury returned a verdict for the plaintiff in the amount of $1,100 actual damages and $900 punitive damages. The trial court denied the defendant's amended motion for new trial and the exception is to that judgment and to the antecedent order overruling the defendant's demurrers to the petition.

The plaintiff has filed a motion to dismiss the writ of error on the grounds that the bill of exceptions was not tendered to the trial judge who presided in the case within the time provided by law. *Held:*

1. While the record in this case discloses that on April 16, 1964, the defendant improperly tendered his bill of exceptions to a judge who had not presided in the case, *Moss v. Moss,* 101 Ga. App. 237 (113 SE2d 415), the record further discloses that on the following day, April 17, 1964, and within

the 30-day period allowed by law for tender of a bill of exceptions (*Code Ann.* § 6-902), the trial judge who had entered the judgment complained of signed an order in the case setting a date for a hearing as to the correctness of the bill of exceptions and notifying counsel for the plaintiff of the same. The signing of this order by the proper judge necessarily shows that the bill of exceptions had in fact been tendered to him and since the same was within the time provided by law, the motion to dismiss is without merit.

2. The petition stated a cause of action in tort for fraud and deceit and the trial court did not err in overruling the defendant's demurrers.

3. We have carefully examined the grounds of the defendant's amended motion for new trial and find that none of them are meritorious with the exception of special ground 6. The defendant in this ground assigned error on the following excerpt from the charge of the court: "I charge you in this regard, if you find for the plaintiff in this case, the plaintiff would be entitled to recover punitive damages"; the complaint being that the court by this charge in effect directed the jury that they must award punitive damages to the plaintiff if they found for him.

It is always exclusively a question for the jury to determine when punitive or exemplary damages should be allowed, as well as the amount of such damages. *Batson v. Higginbotham*, 7 Ga. App. 835, 839 (68 SE 455); *Kolodin v. Griffin*, 87 Ga. App. 725, 731 (5) (75 SE2d 197). That this rule is applicable to actions in tort for fraud and deceit, see *Aderhold v. Zimmer*, 86 Ga. App. 204 (1) (71 SE2d 270); *Allstadt v. Johnson*, 97 Ga. App. 584, 586 (103 SE2d 683); *Kelly v. Georgia Cas. &c. Co.*, 105 Ga. App. 104 (6) (123 SE2d 711).

Under the record in this case it would have been proper for the court to charge the jury that they were authorized to award punitive damages, and to instruct them as to how they should determine the amount of such damages, if any, to award. However, by charging the jury that the plaintiff was entitled to recover punitive damages if they should find for him and by further charging the jury that they should award "such sums as meets with your enlightened conscience," and that "you will award that sum in addition to $1,100, if you find for the plaintiff in this case," the trial court removed from the consideration of the jury the question of whether

such damages should in fact be allowed, and left for their consideration only the question of the amount of such damages to be awarded. This clearly constituted prejudicial error to the defendant with respect to the issue of punitive damages.

Since this charge went only to the issue of punitive damages, its harm will be cured by the plaintiff writing off the sum of $900 awarded as punitive damages. Accordingly, the judgment denying the amended motion for new trial will be affirmed on condition that this sum will be written off. Otherwise, the judgment will be reversed. *Mills v. Mangum,* 107 Ga. App. 614, 618 (131 SE2d 67). Since the provision herein for the writing off of punitive damages amounts to a substantial modification of the judgment of the trial court, the costs of bringing the case to this court are taxed against the defendant in error. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 748 (6) (125 SE2d 709).

*Judgment affirmed on condition. Bell, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 21, 1964.

*Allen, Rhodes & Blaisdell, T. M. Allen, Jr.,* for plaintiff in error.
*Walter E. Baker, Jr.,* contra.