A89A0892. PETROLANE GAS SERVICE, INC. v. EUSERY et al.
(389 SE2d 355)

BEASLEY, Judge.

Following the denial of its motion for new trial, defendant Petrolane Gas Service, Inc., appeals the judgment entered on the jury's verdict in favor of plaintiffs. The suit was for Mrs. Eusery's personal injuries and Mr. Eusery's loss of consortium, allegedly resulting from a collision between a car driven by Mrs. Eusery and a truck driven by a Petrolane employee. The jury returned a general verdict of $152,300 on the wife's claim and $15,000 for the husband's loss.

The appeal addresses solely the issue of punitive damages. This action arose prior to the July 1, 1987, effective date of amendment to OCGA § 51-12-5 and OCGA § 51-12-5.1. Appellant contends the trial court erred in allowing the jury to consider punitive damages when

there was no evidence to support such an award; the court improperly charged the jury on the recoverability of punitive damages, declined to give the company's charge on the nonrecoverability of punitive damages, and declined to remove the issue of punitive damages from jury consideration; the court's punitive damages charge was an incorrect statement of law.

1. "OCGA § 51-12-5 permits a jury to award punitive (exemplary) damages '(i)n a tort action in which there are aggravating circumstances, in either the act or the intention . . .' It is well established that that language means such damages 'cannot be imposed in any case unless there is willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. (Cit.)' [Cit.]" *Rossville Apts. Co. v. Britton*, 178 Ga. App. 194 (1) (342 SE2d 504) (1986). " ' "The latter expression (conscious indifference to consequences) relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." ' [Cits.] ' "Mere negligence, although gross, will not alone authorize the recovery of punitive damages." ' [Cits.] *Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (2) (366 SE2d 147) (1988).

The relevant circumstances of the collision were undisputed at trial. Mrs. Eusery was driving eastbound on a two-lane road on her way to her sister's house. The speed limit was 55 m.p.h. Access to the sister's house could be had from two driveways off the two-lane road. Eusery slowed to 10-15 m.p.h. and signaled that she was going to make a left turn into the first driveway. The truck had also been traveling eastbound and was behind Eusery's vehicle.

As the truck was coming out of the flat part of the road and up the hill, the driver saw Eusery's car in front of him. At that time the truck was probably going 45-50 m.p.h. The driver saw Eusery slowing as if to turn, assumed she was going to turn in the first driveway, thought she would clear the roadway by the time of his approach, and therefore shifted the truck's gears to go up the hill so as not to have to stop. As the truck approached, Eusery did not turn. Instead, she drove at the reduced speed for another 800-900 feet to the second driveway and began a left turn into it. The truck was going faster than Eusery's car but was not "running fast"; the truck driver was not speeding and the truck was properly loaded. There was no evidence that the truck driver was impaired by alcohol or in any other manner or that he was in any kind of hurry.

When the driver saw that Eusery was not going to make the turn into the first driveway and clear the road, as he assumed she would, he realized he would not be able to stop the truck in time to avoid hitting Eusery's car. He drove the truck across the centerline in an attempt to avoid hitting Eusery by going around her. The attempt

was unsuccessful. As Eusery began to turn, her car was hit on the driver's side by the Petrolane truck.

"Ordinarily the imposition of punitive damages is an issue for the jury. However, the controlling criteria is whether there is any evidence to support such an award. [Cit.]" *Associated Health Systems,* supra at 802 (2). The proof offered in the instant case, as in that case, does not measure up to the standard authorizing imposition of punitive damages.

Appellees make much of the truck's heaviness (75,000 pounds) and the fact that it was carrying a flammable substance. These facts in and of themselves do not show want of care in the context of the truck driver's undisputed actions and the facts that he was not speeding and the truck was properly loaded. Appellees also point to the truck driver's shifting of gears, acceleration, and attempting to pass Eusery's car, as supporting a determination of an entire want of care by the trucker. However, the undisputed evidence was that such conduct was at first in the ordinary course of driving and then done as evasive maneuvering to avoid collision.

While there may have been evidence from which the jury could find negligence, there was no evidence of an entire want of care on the part of the truck driver which would raise the presumption of a conscious indifference to consequences. See *Currie v. Haney,* 183 Ga. App. 506 (359 SE2d 350) (1987); *Rosser v. Atlanta Coca-Cola Bottling Co.,* 162 Ga. App. 503, 504 (1) (291 SE2d 109) (1982), rev'd on other grounds 250 Ga. 52 (295 SE2d 827) (1982); *Gordon v. Ogden,* 154 Ga. App. 641 (1) (269 SE2d 499) (1980); *Mills v. Mangum,* 107 Ga. App. 614, 617 (131 SE2d 67) (1963); *Co-op Cab Co. v. Arnold,* 106 Ga. App. 160, 163 (2) (126 SE2d 689) (1962). Compare *Harrison v. S & B Trucking,* 179 Ga. App. 291 (1) (346 SE2d 101) (1986); *Moore v. Thompson,* 255 Ga. 236 (336 SE2d 749) (1985); *Battle v. Kilcrease,* 54 Ga. App. 808 (189 SE 573) (1936). Therefore, the trial court erred in refusing to direct a verdict in favor of defendant Petrolane on the issue of punitive damages.

2. As a result, the trial court erred in instructing the jury on the issue of punitive damages. Substantively correct or not, "[a] charge which is not authorized by the evidence and which injects issues into the case which are not made by the pleadings or evidence is presumed to be harmful to the losing party. [Cit.]" *Avant Trucking Co. v. Stallion,* 159 Ga. App. 198, 201 (2) (283 SE2d 7) (1981). "Instructions not warranted by the evidence are cause for new trial unless it is apparent that the jury could not have been misled thereby. [Cits.]" *Harden v. Drost,* 156 Ga. App. 363, 366 (4) (274 SE2d 748) (1980).

Such does not appear. The size of the verdict ($152,300, plus $15,000) in the context of plaintiff's damages evidence does not preclude the conclusion that the jury awarded punitive damages. Even if,

as appellees counter, there was evidence of compensatory damage alone to support the amount of the award to Mrs. Eusery, which we do not decide, the jury was not obligated to award all actual damage that the evidence might have authorized. That evidence, when compared with the verdict, does not lead inexorably to the conclusion that only compensatory damages were awarded. Compare non-precedential *West Ga. Pulpwood &c. Co. v. Stephens*, 128 Ga. App. 864, 869 (3) (198 SE2d 420) (1973), in which punitive damages were authorized. There the challenge was that the general verdict did not show that the jury found any amount for actual damages on which to base the punitive award.

Inasmuch as it cannot be determined as a matter of law that the verdict did not include unauthorized punitive damages, the judgment cannot stand. A new trial must be had on the claims properly remaining in the case.

3. Appellant did not waive its right to raise what is now successfully appealed because it did not request that the verdict form specify separate awards for compensatory and punitive damages.

The court gave counsel for the parties copies of the verdict form it intended to use and, pursuant to questioning of the form by plaintiff's counsel, stated that it would not separate punitive damages for purposes of the verdict form as it was up to the jury to determine the damages and total them.

In any event, appellant's objection is not to the form of the verdict, per se, but rather the illegal award of punitive damages which is reviewable under the circumstances. See *Chrysler Corp. v. Marinari*, 177 Ga. App. 304, 306 (1) (339 SE2d 343) (1985) (non-precedential); *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 276 (10) (329 SE2d 900) (1985), cert. denied 254 Ga. 349 (331 SE2d 879) (1985).

*Judgment reversed. Carley, C. J., and McMurray, P.J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 12, 1989 — ▮

*Love & Willingham, Allen S. Willingham, Robert P. Monyak,* for appellant.
*Remler, Catts & Koski, Robert H. Benfield, Jr.,* for appellees.