## KERLEY v. GERMSCHEID.

Where, in an action for assault, the evidence was conflicting as to whether or not there was any assault committed by defendant, and whether or not the assault, if in fact committed, was justifiably made in self-defense, the court properly submitted to the jury the question whether or not the assault was malicious as bearing on the question of exemplary damages.

Where, in an action for assault the evidence was conflicting, the court properly charged that if the evidence failed to show by a fair preponderance that the assault, if any, was unlawful, or to show any force or violence used by defendant on plaintiff, the latter was not entitled to recover anything.

Where, in an action for assault, the evidence showed that in the scuffle between the parties both fell to the ground, and that plaintiff was slightly injured and his clothes somewhat torn, an instruction requesting the jury to "take the case, and give it just such consideration as you would a more serious affair. If the law has been violated, do not hesitate to treat it the same as you would any other case"—was not prejudicial, as in effect expressing a view that the case was a trifling one, thereby tending to prejudice plaintiff in the minds of the jury.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by Lawrence Kerley against Phillip Germscheid. Judgment for defendant, and plaintiff appeals. Affirmed.

*Aikens & Judge,* for appellant.  *A. E. Hitchcock,* for respondent.

CORSON, J.   This is an action by the plaintiff to recover of the defendant damages for an alleged assault and battery.  The case was tried to a jury, and, the verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It is disclosed by the evidence that the plaintiff and appellant was a priest residing at Ethan, and had charge of the Catholic church at that place, and that he was engaged in the erection of a church edifice and a residence for the priest connected therewith, and that stone masons were employed by the plaintiff, who were at work erecting a stone wall for the residence when the defendant went upon the premises.  The defendant was ordered off by the appellant, and not going directly, the appellant attempted to remove him, when it is claimed by the appellant the defendant resisted and assaulted him.  It also appears from the evidence that in the scuffle that ensued both parties fell to the ground, and appellant was slightly injured and his clothes somewhat torn.  As to precisely what occurred at the time the evidence is conflicting.  The appellant admits in his evidence that, upon failure of the defendant to leave the premises when ordered off, he endeavored to remove him therefrom; but he denies that he used any more force than was necessary to eject the defendant from the premises.  It further appears from the evidence that the appellant had workmen engaged in erecting one of the walls of the building, and that the defendant was engaged in the mercantile business, and his store was only a short distance from the wall being erected, and he went there, as he claims, to see how the workmen were getting on with the wall, and the defendant testifies as follows to what occurred: "The church is about 20 or 30 feet from this wall where the men were at work.  I was going to look at the wall; that is all.  I said 'How do you do?' that is all, to the workmen.  I passed a fellow mixing mortar, and went on to the next corner, about 8 or 10 feet from that fellow, and there was the other mason.  I just stood there.  Kerley came up to me and ordered me off the place.  He said: 'You get off! If you don't get off, I will knock you off.'  I said, 'This is church property, and as long as I don't make any disturbance, or do anything out of the way, I

think I have a right to look on.' He then said, 'If you don't go away, I will knock you off,' and he took me by the shoulder and pushed me quite a distance. Then he took hold with his other hand, and tried to throw me. Then I took hold of him as well as I could to defend myself. After he took hold of me with his other hand, I took hold of him. We kind of took a tumble and fell. Both went to the ground. I did not attempt to strike Father Kerley. There wasn't a blow struck that I remember of. He pushed me a distance of 16 feet as near as I can remember. Then he grabbed hold of me with both hands, and tried to throw me, and I took hold of him as well as I could to defend myself. * * * After we fell down or went down on the ground, we got up again. Then he commenced kicking at me when he was lying down. He got up right away. He attempted to kick me when I' was on the ground. I did not attempt to kick or strike at him. After we got up that was the end of it." There were other witnesses who testified in the case, two of whom seem to corroborate the statement of the appellant, and the others corroborate to some extent the statement of the defendant.

It is contended by the appellant that it clearly appears from the evidence that the defendant went over to the place where the alleged assault occurred for the purpose of having a difficulty with the priest, but this was denied by the defendant. It does appear, however, that, in the earlier part of the day on which the difficulty occurred between the appellant and defendant, Stofer, a saloon keeper, who was a particular friend of the defendant, went upon the ground and was ordered off by the priest, and left without offering any resistance, and that the defendant, when informed of this fact, seems to have been somewhat annoyed that Stofer should have left without making any resitasnce; but the defendant denies that he went over there with the intention of provoking any difficulty with the priest.

It is contended by the appellant that the court erred in that portion of its charge to the jury in which he instructs them: "Now by 'malice' or 'malicious' is meant a wish or desire to vex, annoy, or harrass another. So it will be for you to determine whether or not, if the assault and battery was committed, it was malicious. If the

evidence fails to show by a fair preponderance thereof that it was malicious, then you should not give the plaintiff any exemplary dam-ages. If it does show, however, by a fair preponderance, that it was malicious, then the plaintiff is entitled to exemplary damages such as you deem proper under all the circumstances. You cannot find exemplary damages, however, unless you find the plaintiff has suffered some actual damages. If you find he suffered actual dam-ages, then you may find for him in exemplary damages, if you find that the assault was malicious"—for the reason that the undisputed evidence established the' fact that the assault made upon the appel-lant was malicious within the contemplation of the statute defining that term, and as given by the court in its charge to the jury; that under the evidence it was the duty of the court to instruct the jury that the assault was malicious as a matter of law, and it was error for the court to submit to the jury for its determination a question upon which there was no conflict in the evidence; and that by so doing it submitted a hypothetical case which there was no evidence to support. We are of the opinion, however, that this contention is untenable, as there was a conflict in the evidence as to whether or not there was any assault committed by the defendant, and also a conflict in the evidence as to whether or not the assault, if in fact committed, was justifiably made in defense of the person of the de-fendant. As we have seen, the defendant denies that he made any assault upon the appellant, and that what he did in resisting the at-tack of the plaintiff was necessary in defense of his person. If the jury believed the evidence of the defendant they might very prop-erly have found that in going upon the premises he had no motive to annoy the plaintiff or to seek any quarrel, that he was simply there as an idle spectator to see how the masons were progressing with their work, and that in resisting the attack of the priest he was doing no more than was necessary to protect his person. This being so, the charge of the court was proper, and we fail to dis-cover any error therein.

It is further contended by the appellant that the court erred in giving the following instruction to the jury: "If the evidence fails to show by a fair preponderance thereof that this assault, if any was committed, was unlawful, or fails to show any force or vio-

lence was used by the defendant upon the plaintiff, then the plaintiff is not entitled to recover anything." This contention is clearly without merit. The instruction states the law correctly, and was properly given in view of the conflicting evidence submitted to the jury.

It is further contended by the appellant that the court erred in that portion of its charge to the jury as follows: "I trust, gentlemen, you may take the case and give it just such consideration as you would a more serious affair. If the law has been violated, do not hesitate to treat it the same as you would any other case, and if it has not been violated, do just the same"—for the reason that the court therein, in effect, expresses the view that the case was a trifling one, which was calculated to prejudice the appellant in the minds of the jury. This contention is untenable as in view of the evidence given in the case the instruction was properly given by the court, and we are unable to see in what respect the plaintiff could have been prejudiced by the same. The case seems to have been very fairly submitted to the jury.

Finding no error in the record, the judgment of the circuit court, and order denying a new trial are affirmed.