## 203.  STONE v. THE STATE.

1. A girl fourteen years of age is presumptively a "child," within the meaning of section 708 of the Penal Code, providing punishment for cruelty to children.
2. No specific errors of law are complained of, and the evidence fully warranted the verdict.

Indictment for cruelty to child, from Stephens superior court —Judge Kimsey.    December 3, 1906.

Argued February 18,—Decided February 21, 1907.

*Fermor Barrett,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.

HILL, C. J.    Andy Stone was indicted for a violation of the Penal Code, §708, the specific offense charged being that he "cruelly, unreasonably, and maliciously beat and ill-treated his minor child, Carry Stone." On his trial he was convicted of the offense. He filed a motion for a new trial, which was overruled, and this judgment is brought to this court. The motion for a new trial contained the formal statutory grounds.

1. Two points are made before us,—first, that there was no proof of the corpus delicti. It is insisted that before this offense is shown, it must be established by the evidence that the child was in some manner injured; in other words, that there must appear upon the body of the child marks of physical injury. We do not think the law requires the cruel, unreasonable, and malicious beating to go to this extent before the crime is completed. The words "cruelly, unreasonably, and maliciously" are relative terms. It might not be cruel or unreasonable to whip an ox with an ox whip, the instrument used in this case, or, in some instances, to use such an instrument in whipping a man; while the use of such an instrument by a strong man in whipping a child of tender years might, in the opinion of the jury, be regarded as cruel, unreasonable, and malicious. In this case, there was no profert made of the body of the child, and therefore no evidence was produced as to any physical injury, by marks or scars indicating the severity of the beating; but where the evidence showed, that the father had whipped his child, a girl fourteen years of age, for several hours with a large ox whip, that she cried out from the pain of the blows inflicted, and that the cruel beating was accompanied by the cruel language

"damn you, I intend to kill you," we think the jury was authorized in finding that the corpus delicti had been sufficiently established. It is true, the victim herself testified that her father did not hurt her or whip 'her unreasonably; but the jury very properly attached no weight to the testimony of the child, doubtless given under fear of a brutal father. Recollection of the whipping, the ox whip, and the oaths might have led the child to declare that her father caressed her with touches of tenderness and gentleness. While the hearts, of all men go out in sympathy to children, yet we do not think that there is any inclination to interfere with the exercise of parental authority within the limits of reason and humanity.

2. In the next place, it is insisted that "the child" in question, was not a "child" within the meaning of section 708 of the Penal Code; that the word, as used in this section, means "children of the period between early infancy and youth," and could not apply to a person over fourteen years of age. The age of the child in this case was fourteen years. The case of *Collins* v. *State*, 97 *Ga.* 433, is relied upon in support of this proposition. In that case the boy whipped was nineteen years of age and as strong as a man. The Supreme Court held that a boy of that age and that strength was not a child, in the meaning of this section of the Penal Code. Such a ruling is not remotely applicable to the facts of the instant case, where the child was a girl fourteen years of age, and the evidence was silent as to her strength. We think the jury could have reasonably presumed that she was not as strong as a man. Of course the word "child," as used in this statute, is not synonymous with minor, or one under twenty-one years of age, but the word is used in its ordinary signification. According to the Standard Dictionary, a child is "a young person at any age less than maturity, but most commonly one between infancy and youth." Black's Law Dictionary, in defining the word "child," says that in laws for the protection of children it means generally the young under the age of puberty. The age of puberty has never been fixed, either by the laws of nature or man. It depends upon sex, climate, and race. When infancy ends and adolescence begins, or when youth ends and manhood or womanhood begins, are questions which can not be settled by inflexible rules of law. We are certain, however, that we do no violence to reason, law, or nature,

in holding that a girl fourteen years of age might have been considered by the jury as a child, within the meaning of the statute now under consideration.   Under the humane statute of this State (Penal Code, §33), a person between the age of ten and fourteen years can not be lawfully convicted of a crime or misdemeanor, unless it appears from the evidence that he was capax doli, and the burden of proving that he is so rests upon the State.   This section, it is true, relates to mental capacity, but we think, by analogy, it is applicable also to physical strength.   It is interesting to note, in this connection, that section 110 of the Penal Code, defining the offense of inveigling children from parent or guardian, designates the age of the "child" as under eighteen years.   After all, this question was for the determination of the jury.   The jurors saw the child, and, according to her size and condition, could satisfactorily determine whether she was "a child," within the meaning of section 708 of the Penal Code.

Under the facts of this case, we think the verdict was fully warranted, that justice has been done, and that the judgment of the court in refusing a new trial was right.      *Judgment affirmed.*