## 27386. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE v. GAINES.

DECIDED MARCH 1, 1939.

*Sidney F. Keeble, G. Fred Kelley,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

FELTON, J. Mrs. Mary E. Gaines, beneficiary, sued Life & Casualty Insurance Company of Tennessee upon a life-insurance policy issued to Mary C. Gaines. The insurance company defended upon the ground that the policy was procured through fraud, in that Mary C. Gaines had been to a doctor's office several times and he had advised her that she was pregnant, had prescribed a tonic and

other medicine for her, and that her answer to a question in the application as to attendance by a physician was false. The question was: "Have you been attended by a physician during the last five years? If yes, give name of complaints, dates, how long sick, and names of physicians." To this question the insured answered, "No." · The insured died from an infection shortly after the birth of her child. The jury found for the plaintiff, the motion for new trial was overruled and the defendant excepted.

(After stating the foregoing facts.) 1. "In suits to recover money on an insurance policy it shall be necessary to attach a copy of only what appears upon the face or in the body of the policy." Code, § 81-105; *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (27 S. E. 975); *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (77 S. E. 1072); *W. O. W.* v. *Keen,* 16 *Ga. App.* 703 (86 S. E. 88). It was not error to overrule the demurrers to the petition complaining of the failure to attach copy of parts of the policy appearing otherwise than preceding the signature of the officers of the company.

2. The policy sued upon contained the following provision: "This policy and the application therefor shall constitute the entire contract, and all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement of the insured shall avoid or be used in defense of a claim under this policy unless contained in the written application herefor, copy of which is endorsed hereon or attached hereto." This provision is entirely without ambiguity, and, as to this contract, has the effect of changing the general law on the subject of the effect of warranties of the truth of statements contained in an application attached to a policy, and makes it necessary for the insurance company to prove by a preponderance of the evidence that the insured fraudulently answered the question as to attendance by a physician. It was therefore not error for the court to refuse to give the requested charge to the effect that the answers in the application were warranties, nor was it error to charge the jury that the statements were representations and that they would not avoid the policy unless they were fraudulent. Eastern District Piece Dye Works *v.* Travelers Ins. Co., 234 N. Y. 441 (138 N. E. 401, 26 A. L. R. 1505).

3. It was not error for the court to refuse to permit a doctor to testify that the insured's several visits to his office and his pre-

scriptions for her were considered by the medical profession as attending a patient. The fact that the medical profession so considered the conduct would not illustrate the good or bad faith of the insured. It was what she understood the question to mean, and that only, which was the proper subject-matter of inquiry. There was no evidence that the insured ever said or thought, or had reason to think that she had been "attended" by a physician, or that the words of the question with reference to attendance by a physician should be so interpreted.

4. The rule of the company that married women would not be insured while pregnant (the only material one offered in evidence), if admissible at all was admissible on the question of the materiality of the answer to the question as to attendance by a physician. The refusal to admit this rule in evidence was not harmful to the defendant, because the court charged the jury that the answer was material and if it was answered fraudulently it would avoid the policy.

5. It is conceded that pregnancy would increase the risk. The only question for the jury was whether the insured wilfully concealed her condition, or falsely and fraudulently answered in the negative, the questions as to whether she had been attended by a physician within five years. We are of the opinion that the defendant failed to sustain either proposition. The burden was upon the defendant. Its physician stated that he did not consider pregnancy a disease, though he stated that some physicians did. The insured was not sick, and the physician did not visit her. She went to his office. The question itself asks for the names of complaints, dates, how long sick. We think the question as a whole was ambiguous, and that it might, to the mind of an honest person, carry the idea that what was meant was visitation by the physician, or at the most, treatment for that which every reasonable, normal person considered a disease or illness. An answer to an ambiguous question is no more than the expression of an opinion as to what the question means. The facts of this case do not bring it within the rule announced in *Northwestern Life Ins. Co.* v. *Montgomery,* 116 *Ga.* 799 (43 S. E. 79). This is not the palpably untrue answer to an unambiguous question with the knowledge that it is false. There is not the moral turpitude of knowingly misrepresenting the truth. No question was asked about pregnancy, and no examina-

tion required. Under the evidence which disclosed no fact going to show bad faith on the part of the insured, we think it was consistent with honesty for the question to have been answered as it was. There was no error in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*