30328. HARDWARE MUTUAL CASUALTY COMPANY *et al.* v. NORRINGTON.

DECIDED JUNE 7, 1944.

*Neely, Marshall & Greene,* for plaintiffs in error.
*T. Elton Drake,* contra.

BROYLES, C. J. Willie Norrington filed with the State Board of Workmen's Compensation a claim for compensation for certain alleged injuries sustained by him in an accident arising out of and in the course of his employment. The defendants named were Armor Insulating Company, as the employer, and Hardware Mutual Casualty Company, as the insurance carrier. On the hearing of the case, the director made an award dismissing the claim. The claimant appealed directly to the superior court; and, on the hearing there, the judge reversed the award, and that judgment is assigned as error in the bill of exceptions.

The sole question for our determination is whether the award of the hearing director was authorized by any competent evidence. The claimant contended that on the date of his injury he was an employee of Armor Insulating Company; while the defendants contended that on that date he was an employee of Southern United

Ice Company, of Memphis, Tennessee. The findings of fact as set forth in the award of the hearing director are:

"I find from the evidence adduced at these hearings that the claimant in this case, Willie Norrington, had, at the time of the original hearing, been working for the Armor Insulating Company for approximately four or five years and that the Armor Insulating Company, which company is engaged in the business of selling insulating materials and equipment to various customers throughout the country in need of the said services; and that the said Armor Insulating Company on the 27th of November, 1942, entered into a contract with the Bluff City Service Company, which company is also known as the Southern United Ice Company, to sell said company certain materials, tools, equipment, labor, etc., required to repair or construct for said Southern United Ice Company storage facilities at its plant in Memphis, Tennessee; that the contract entered into by the parties provided a fixed fee of $7500 be paid by the Southern United Ice Company to Armor Insulating Company for its remuneration in connection with the materials, labor, tools, equipment, etc., furnished by said Armor Insulating Company.

"I find that it has been the policy of the Armor Insulating Company when furnishing materials and supplies to the customer to also lend to said customer certain of its employees, including engineers to do the supervising work. In the instant case, Mr. C. E. Wright, who had for a number of years been an employee of the Armor Insulating Company and who was a superintendent for said company, was, on or about the first of December, 1942, loaned by or furnished to the Southern United Ice Company by the Armor Insulating Company to supervise the construction of the work at Memphis, Tennessee; that Mr. C. E. Wright was in need of additional labor at Memphis and that he contacted the Armor Insulating Company and secured the services of Willie Norrington along with several other employees and sent them from Atlanta to Memphis to work on this project in Memphis. I find that the transportation of Norrington to Memphis was paid by the Southern United Ice Company, and that likewise Norrington was placed on the payroll of said latter company and that he remained on said payroll at all times from his first employment up until the time he was injured, which date was February 16, 1943.

"I further find from the records which were properly identified and introduced into evidence that the claimant, Willie Norrington,

was carried on the payrolls of the Southern United Ice Company at Memphis, Tennessee, from December 7, 1942, through February 16, 1943; and that his work at that time was under the direction and control of the Southern United Ice Company.

"I further find that on said date, that is, February 16, 1943, that the claimant in this case received an accidental injury which arose out of and in the course of his employment with said Southern United Ice Company, and that the insurance carrier for said company, the Casualty Reciprocal Exchange, had notice of said accident, and that said compensation carrier in the State of Tennessee paid certain medical expenses in connection with said claim, and that they further tendered compensation to the claimant to cover the period for which they contend he was disabled. The fact that the claimant in this case was an employee of the Southern United Ice Company and not the Armor Insulating Company at the time this injury arose is substantiated by a preponderance of the evidence in this case.

"The employer, Southern United Ice Company, has offered in evidence various documentary reports including their report to the Tennessee unemployment compensation division, which showed that for the quarter ending March 31, 1943, this claimant was an employee of the Southern United Ice Company, and that for said period he had been paid a total of $288.29. In addition to this, there was introduced and properly identified payroll receipts from said company signed by Willie Norrington showing that all during this period and including the date of the injury he had been paid by said company.

"This director further finds from the evidence adduced at these hearings that under the arrangement which the Armor Insulating Company had with its customer, in this instance, Southern United Ice Company, that Willie Norrington, although he had formerly been an employee of the Armor Insulating Company, was furnished to said Southern United Ice Company under an arrangement by which the latter named company was to pay, and did pay, for his services and that said Southern United Ice Company, through its engineering department, had control and direction of the employment of the said Willie Norrington. They had the right to fire him at any time his services were not satisfactory and to direct the manner in which his services were performed. I find that as a

matter of fact that not only did this arrangement exist, but that it was actually carried out, and that all the records, facts, and circumstances in this case prove conclusively that Willie Norrington at the time this injury was sustained was not in the employ of the Armor Insulating Company. It is doubtless true that at the conclusion of this project in Tennessee that the claimant would have returned to Armor Insulating Company, which company would have re-employed him; but nevertheless, the evidence in this case is clear that on February 16, 1943, Willie Norrington, the claimant in this case, was the employee of the Southern United Ice Company in Memphis, Tennessee.

"This director could point out numerous and sundry evidence in this file which would corroborate the conclusion at which we have arrived, but we feel that sufficient findings of fact have been herein set forth to show that this claimant at the time the injury was received was the employee of the Southern United Ice Company: that the injury he received was acknowledged by his employer r that time; and that the compensation carrier in the State of Tennessee, the Casualty Reciprocal Exchange, paid certain medical [expenses] and offered to pay compensation which they had determined to be due this claimant.

"This director finds that the facts in this case show that the Tennessee compensation board has the jurisdiction of this claim, and not the State Board of Workmen's Compensation in the State of Georgia.. Having thus determined this issue, it is needless for this director to go further into the evidence with regard to the disability of this claimant. Having thus determined as a matter of fact, this director concludes as a matter of law that the claimant in this case is entitled to the following award: Therefore, it is the award of this director that the claim for compensation of the claimant, Willie Norrington, against the Armor Insulating Company, Hardware Mutual Casualty Company, carrier, in the State of Georgia, arising out of the claim of an injury sustained February 16, 1943 at Memphis, Tennessee, be and the same is hereby denied and dismissed." In our opinion the above-stated findings of fact were authorized by sufficient competent evidence. The contention of the defendant in error, that under the written contract of November 27, 1942, between Armor Insulating Company and Southern United Ice Company, it should be held as a matter of law that

the claimant was an employee of Armor Insulating Company, is untenable. The contract was in some respects vague and ambiguous, and was subject to construction and interpretation by parol evidence. Moreover, if it be conceded that the contract required that the labor for the work in question must be furnished by Armor Insulating Company, the hearing director was authorized to infer from the evidence in the case that such requirement had been waived by both parties to the contract, and to find from the great preponderance of the evidence that the claimant, on the date of his injury, was actually an employee of Southern United Ice Company. It is true that the evidence was conflicting upon several issues of fact; but, of course, the findings of the director upon those issues is conclusive upon the superior court and this court.

In our opinion the reversal of the award of the director was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*