33750. LAUGHLIN *v.* BON AIR HOTEL INCORPORATED.

DECIDED DECEMBER 4, 1951.

*George B. Rushing,* for plaintiff.
*George Fryhofer, Fulcher & Fulcher,* for defendant.

FELTON, J. ■ Plaintiff sought by demurrer to show that defendant had not "opened legally", and "in the manner prescribed by law", the default. He contends that defendant failed to show this in that he did not plead that costs had been paid. *Thompson* v. *Nichols,* 208 *Ga.* 147 (65 S. E. 2d, 603), held that such question could not be raised by general demurrer and that the proper manner in which to raise the question is by a motion to strike the plea. While in the *Thompson* case the plaintiff's demurrer was general in nature and did not specifically mention the default as did the demurrer in the instant case, nevertheless the law announced there is applicable to the instant case. In *National Union Fire Ins. Co.* v. *Ozburn,* 57 *Ga. App.* 90 (2) (194 S. E. 756), the action was a renewal of a previous suit voluntarily dismissed and the court held that, "it is not a good ground of demurrer that 'it fails to appear that plaintiff has paid the accrued costs or has filed an affidavit in forma pauperis, as required by law'." It therefore follows that if pleadings failing to plead that the required costs have been paid are not subject to a demurrer pointing out such, pleading the payment of the costs is not necessary.

■ The words "false", "falsely", "malicious" and "maliciously" have been given many varied definitions by courts throughout

the country, and it seems that such definitions depend upon the manner in which the words are used. See Words & Phrases. Some examples of the connotations put on these words are: "The word 'false' has two distinct and well-recognized meanings. It signifies (1) intentionally or knowingly or negligently untrue, and (2) untrue by mistake, accident or honestly after the exercise of reasonable care." Metropolitan Life Ins. Co. *v.* Adams, D.C. Mun. App. (37 A. 2d, 345). "As to the essential elements of 'knowingly and falsely swearing', falsely swearing is knowingly affirming without probable cause." *Hicks* v. *State,* 67 *Ga. App.* 475 (8) (21 S. E. 2d, 113). " 'Malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential." *Luke* v. *DuPree,* 158 *Ga.* 590, 596 (124 S. E. 13). "By 'malice' or 'malicious' is meant a wish or desire to vex, annoy, or harass another." Kerley *v.* Germscheid, 20 S. D. 363 (106 N. W. 136). " 'Malicious' imports nothing more than the wicked and perverse disposition with which the party commits the act." Commonwealth *v.* York, 50 Mass. 93. " 'Maliciousness' does not necessarily mean actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification." Dorrington *v.* Manning, 135 Pa. Sup. 194 (4 Atl. 2d, 886). "The words 'cruelly, unreasonably, and maliciously' are relative terms." *Stone* v. *State,* 1 *Ga. App.* 292 (57 S. E. 992). "The word 'false' has two distinct and well-recognized meanings: (1) intentionally or knowingly or negligently untrue; (2) untrue by mistake or accident, or honestly after the exercise of reasonable care. In jurisprudence, 'false' and 'falsely' are oftenest used to characterize a wrongful or criminal act, such as involves an error or untruth, intentionally or knowingly put forward." Black's Law Dictionary (De Luxe ed.) p. 748. "Malicious. Evincing malice; done with malice and an evil design; wilful." Ibid., p. 1148. There is an almost inexhaustible source of definitions for these words, each definition seeming to depend upon the circumstance of its use. In the present case, the interpretation of the allegation: "your petitioner was approached and accosted by the said D. S. Smith, agent of the named defendant, who *falsely and maliciously* accused him of having made improper remarks to a

certain woman employee" (emphasis supplied), will depend upon what is meant by "falsely and maliciously" under the circumstances of the case. Construing the petition most strongly against the plaintiff upon general demurrer, it alleges that Smith with ill will made the accusation from which the ensuing events stemmed knowing that the accusation was in fact not true and unfounded. In view of this construction of the petition, Smith was not acting within the scope of his employment in making the accusation and in committing the acts of violence that grew out of such accusation. The petition alleges the converse of Smith's carrying out, in good faith, his duties as defendant's night watchman to prevent reproachable conduct on the premises of defendant. This case is not such a case as criticized in *Central of Ga. Ry. Co. v. Brown*, 113 *Ga.* 414, 416 (38 S. E. 989), cited in *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590, 594 (37 S. E. 2d, 774), where the court said: "Some of the courts seem at one time to have been inclined to hold that a master could not be held liable for the wilful torts of his servant, because, it is said, if the servant through anger or malice committed an assault upon a person, he ceased for the time being to occupy the position of servant, and acted independently; that, inasmuch as he was not authorized to commit an assault, he did not represent the master in that act but acted as an individual, the master therefore being not liable either in case or in trespass. This argument has long since been exploded. *The theory that one may be a servant one minute, and, the very next minute, get angry, commit an assault, and in that act be not a servant, was too refined a distinction.*" In the instant case, the petition, under the construction made thereof by this court, did not allege that, at any time between the time plaintiff was approached and accosted by Smith and the time the assault took place, Smith was acting in good faith as agent of defendant. Nor is this a case where defendant is alleged to be guilty of a primary act of negligence in the selection of an unfit servant. The defendant is sought to be made liable only on the theory of respondeat superior. While the petition contains a general allegation that the acts complained of were done within the scope of Smith's employment, the specific allegations as to the acts of Smith negative such general allegation. As to Cleo Morgan, it is only

alleged that he was a servant of defendant and that he appeared on the scene and assisted Smith in the assault, and that plaintiff's injuries were directly and proximately caused by the wilful and wanton misconduct of defendant's agents, who, at the time, were acting for and in behalf of their principal. In view of what has been held, the petition, construed against plaintiff, merely alleges that Morgan joined in a personal altercation between plaintiff and Smith, and such allegations are insufficient as against a general demurrer to show that Morgan's participation in the assault was done in the scope of his employment. See: *Lewis* v. *Amorous*, 3 *Ga. App.* 50 (59 S. E. 338), and *Bates* v. *Southern Ry. Co.*, 52 *Ga. App.* 576 (183 S. E. 819).

The court did not err in overruling plaintiff's demurrer to defendant's demurrer and answer, and did not err in sustaining defendant's general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*