35327.   CANDACE, INC. *v.* NEWTON.

DECIDED JANUARY 11, 1955.

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*Martin H. Peabody,* contra.

NICHOLS, J.   Code § 105-108 holds every person liable for torts committed by his servant, "by his command, or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."

The allegations of agency in the instant case clearly fall within the rule laid down in *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (3) (58 S. E. 2d 559). As will be seen from the foregoing statement of facts, the plaintiff alleged by "a simple direct statement the fact that the wrongful act was the act of the defendant's servant and was committed in the prosecution of the principal's business and within the scope of the employee's authority," and this is not subject to general or special demurrer.

The petition sets out a general allegation of agency, and is distinguishable from the petitions considered in *Community Theatres Co.* v. *Bentley*, 88 *Ga. App.* 303 (76 S. E. 2d 632), and in *Laughlin* v. *Bon Air Hotel*, 85 *Ga. App.* 43 (68 S. E. 2d 186), in that no special averments are set out which negate the general allegation of agency. Whether or not the defendant's night clerk at the time of the assault complained of was acting within the scope of his employer's business, is a question for a jury. See *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (1) (38 S. E. 989, 84 Am. St. R. 250), and *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d 774).

The petition sets out a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*