35986. MILLS *v.* LEWIS WOOD PRESERVING CO. *et al.*

DECIDED FEBRUARY 21, 1956.

400

*Louis H. Foster,* for plaintiff in error.

*Frank S. Twitty, Sr., Charles R. Adams, Jr.,* contra.

FELTON, C. J. The gravamen of the plaintiff's action is that the defendants are liable to the plaintiff in fraud and deceit in that their agent contracted with the plaintiff to buy the pine trees from the plaintiff's land and to pay him therefor the sums of not less than $3 nor more than $37.60 for each tree cut and that the agent made the contract with the intention not to perform the contract as made but to have his principals pay the plaintiff the stumpage value at the tree site less 40% of the price, the expense of hauling, plus the fact that the defendants incorrectly measured the trees to the plaintiff's disadvantage after they were received. The petition is vulnerable as an action for fraud and deceit in several particulars. First, it does not allege actual moral fraud, which is necessary in such an action (*Penn Mut. Life Ins. Co.* v. *Taggart,*

38 *Ga. App.* 509, 144 S. E. 400; *Eastern Motor Co.* v. *Lavender,* 69 *Ga. App.* 48 (2), 24 S. E. 2d 840; *Camp Realty Co.* v. *Jennings,* 77 *Ga. App.* 149, 151, 47 S. E. 2d 917), since it does not allege that the defendants knew of the kind of agreement the agent allegedly made with the plaintiff and knew that the agent made the agreement with the intention that it not be performed as made and that the defendants with knowledge of such facts ratified the agent's acts. Second, the contract allegedly made was too uncertain and indefinite to be enforced because there was no criterion or basis by which the value of any tree could be reasonably measured or valued nor was any custom pleaded which would aid the indefinite agreement allegedly made. There was no fraud alleged by which the plaintiff was induced to make an indefinite and unenforceable agreement. Since the plaintiff freely and voluntarily entered into an unenforceable agreement, his only recourse was an action on an implied contract for the provable value of his trees, either by action in assumpsit or possibly for an accounting. The breach of a contract to be performed in the future does not amount to fraud, unless the party guilty of the breach intended at the time of making the contract not to perform. *McClellan* v. *Lipsey,* 169 *Ga.* 184 (1) (150 S. E. 91); *Brinson* v. *Hester,* 185 *Ga.* 761, 762 (1) (196 S. E. 412); General Cas. Co. *v.* Miller, 206 Fed. 2d 196 (2); 23 Am. Jur. 885-888, § 106. This principle generally applies only to valid and enforceable express contracts and in order for it to be applicable under the facts of this case it would have to appear that the alleged guilty party knew that the contract was unenforceable and intended to breach the implied contract at the time the purported express contract was made. Third, the allegations of fraudulent intent to pay the plaintiff 40% less than the value at the tree sites is based solely on the allegation that the defendants paid other vendors the same price which would not bind the defendants to owe the same obligation to the plaintiff. Fourth, there is no way it can be ascertained from the allegations in the petition that the plaintiff was not paid or offered the market value of his trees at their sites. All that the allegations show is that the defendants offered less than $3 for some trees and too little for others. There was no allegation that the defendants made the agreement with the intention of cutting trees worth less than $3. So the allegation

as·to the defendants' offering less than $3 for some trees at most could only charge a breach of an agreement not to cut trees worth less than $3. As to the improper measurements of the trees, there is no allegation that the agreement was made with the intention at the time to measure them incorrectly. So the allegations with reference to improper measurements show no more than a breach of the purported agreement.

The court did not err in sustaining the general demurrer to the action and in dismissing it.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*