38483.   KELLY, Executrix v. GEORGIA CASUALTY
& SURETY COMPANY *et al.*

DECIDED JUNE 28, 1961—REHEARING DENIED JULY 13, 1961.

168

*Howard & Storey, James C. Howard, Jr.,* for plaintiff in error.

*Maurice N. Maloof, George A. Durden, Smith, Field, Ringel, Martin & Carr, R. E. Lee Field,* contra.

BELL, Judge. The defendant's general demurrer, which was overruled, contended that the petition, as amended, did not set forth a cause of action. After the renewal of the demurrer, the petition was again amended but not so as to change materially the cause of action. Thus the overruling of the original renewed general demurrer continued in effect. *Code* § 81-1312.

The petition, as amended, contains irreconcilable conflicts in the charges as to what representations were made by the defendant, which are the basis of this action in tort for deceit. Thus, paragraph 34 of the petition charges "that defendant Kelly by his conduct and representations induced petitioner and her husband and agent to believe that he *had effected* insurance on said property with defendant Georgia Casualty & Surety Company . . . " (Emphasis added). The next paragraph "that petitioner and petitioner's husband and agent in consideration of defendant Kelly's promises and representations as aforesaid reposed full confidence in defendant Kelly as the agent of the Georgia Casualty Company that he *would insure* the said property immediately . . . " (Emphasis added). Another paragraph of the petition charges that defendant Kelly told petitioner's husband that the property was insured with defendant Georgia Casualty as of that moment, and in still another paragraph the charge is that the defendant told petitioner that the property was then insured.

Thus, between the cited portions of the petition there exists an irreconcilable conflict, since some of the paragraphs charge

a representation that the property was insured—the past tense—while another portion of the petition charges representations that it would be insured immediately—that is, in the future. Where the petition is ambiguous or couched in alternative expressions, on demurrer it will be given that construction which is most unfavorable to the pleader. *Jenkins v. Dunlop Tire :&c. Corp.*, 71 Ga. App. 255, 256 (3) (30 SE2d 498). And while generally if the petition is vague, indefinite, or uncertain, the objection must be raised specifically by special demurrer; however, if it is too uncertain and too vague to support any recovery at all, it may properly be dismissed upon a general demurrer. *Allison v. Allman*, 82 Ga. App. 574 (61 SE2d 672); *Adams v. Johnson*, 182 Ga. 478 (185 SE 805).

The representations which charge that the property was insured conflict with the alleged representation that the property would be insured is the future. Construing the petition most strongly against the pleader, we eliminate the inconsistency by ignoring the charges in the petition which allege that the defendant represented that at the time of the conversation with plaintiff and her husband the property was insured at that moment. This then leaves in the petition the alleged representation of the defendant that he would insure the property immediately. This representation of the defendant that he would immediately effect insurance on the property with the defendant insurance company, reasonably construed, meant that he would take appropriate steps to have the company issue the policy. Paragraph 32 of the plaintiff's petition alleges, "Plaintiff was able, by the use of discovery procedures, to procure a letter written by defendant Kelly to defendant Georgia Surety, instructing it to issue its regular policy to plaintiff and to make said policy effective beginning July 5, 1957." Under paragraph 30 of the petition the plaintiff charges that the insurer did not accept the risk, and elsewhere it is alleged that the property had been burned in the interim.

Since there is left in the petition by the above construction only the representation of the defendant that he would insure the property immediately, considering these charges in the petition that the defendant had written the company instructing

**170**

it to issue its policy to the plaintiff and that the company did not accept the risk and no policy was issued, it appears that the defendant could not have known that the insurance would not be accepted by the company. Clearly the defendant agent had no way of knowing that the company would refuse to accept the risk or that the property would burn at 1:30 a. m. the next day. Representations as to future events ordinarily will not form the basis for an action for fraud and deceit unless at the time the representation is made the person making such representation knows the event will not take place. *Floyd v. Morgan,* 62 Ga. App. 711 (9 SE2d 717); *Hill v. Stewart,* 93 Ga. App. 792, 796 (92 SE2d 829); *Mills v. Lewis Wood Preserving Co.,* 93 Ga. App. 398, 402 (91 SE2d 785). Reasonably construed, the petition does not set forth a cause of action for fraud and deceit, since the representation was as to future events which he had no way of knowing would not come about.

The trial court erred in overruling the defendant's general demurrer to the petition. Since this is so, the other proceedings in the case were nugatory, and the errors assigned thereon need not be considered.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*