38483.   KELLY, Executrix v. GEORGIA CASUALTY & SURETY COMPANY *et al.*

DECIDED DECEMBER 4, 1961—REHEARING DENIED DECEMBER 13, 1961.

*Howard & Storey, James C. Howard,* for plaintiff in error.
*Maurice N. Maloof, George A. Durden, Smith, Field, Ringel, Martin & Carr, R. E. Lee Field,* contra.

BELL, Judge. ■ In *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731), the Supreme Court, Chief Justice Duckworth dissening, in reversing the decision of this court in *Kelly v. Ga. Cas. & Surety Co.*, 104 Ga. App. 167 (121 SE2d 313), held that the present petition stated a cause of action for deceit. In view of this holding the trial court properly overruled the general demurrer.

■ The defendant's motion for judgment notwithstanding the verdict as amended contended, firstly, that the plaintiff cannot recover on the contract because all contracts of insurance must be in writing, and there being no evidence to show that the insurer ever consented for the defendant to be a dual agent and since no contract of insurance was ever issued, the defendant is not liable. This ground is without merit, since the petition was approved by the Supreme Court as stating a cause of action for deceit. Deceit is not an action in contract, nor is it based upon the defendant's agency.

■ The second ground of the motion for judgment notwithstanding the verdict was on the basis that there was no proof of any fraud shown on the part of the defendant. The evidence adduced in the trial substantially supported the allegations of the petition as to the alleged deceit. The conflicts in the evidence were for the jury, which resolved them against the defendant. The trial court did not err in overruling the motion for judgment notwithstanding the verdict.

■ The motion for new trial was properly overruled on the general grounds. Grounds 1, 2, and 3 of the amended motion for new trial, which raise contentions respecting dual agency, that the defendant made no undertaking individually, or was acting as agent for the insurer, are all foreclosed by the Supreme Court's ruling that the petition stated a cause of action against him individually for deceit.

■ Ground 4 of the amended motion for new trial contends that the evidence was insufficient to establish an action for deceit because the question of whether a risk is insured is a question of law, not of fact, and further that there was no moral guilt on the part of the defendant. These were questions decided adversely to the defendant by the Supreme Court in

holding that he would be liable for his misrepresentation of the fact that the property was insured when it was not.

It is contended that the court erred in charging the law of punitive damages. There is no merit in this contention. Where the petition stated a cause of action for deceit, it is proper to charge the jury on the law of punitive damages (*Aderhold v. Zimmer*, 86 Ga. App. 204, 71 SE2d 270), since in such a case the question is for the jury whether the aggravating circumstances of the alleged tort warrant the award to the plaintiff of punitive damages. *Code* § 105-2002.

The judgment of this court in *Kelly v. Ga. Cas. & Surety Co.*, 104 Ga. App. 167, supra, is hereby vacated, and the judgment of the Supreme Court in *Clark v. Kelly*, decided 217 Ga. 449, supra, is made the judgment of this court.

The other assignments of error are without merit or were not argued and are thus deemed abandoned.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*