### 58514. GEORGIA REAL ESTATE COMMISSION v. JAMES.

QUILLIAN, Presiding Judge.
The appellee's real estate license was revoked by the Georgia Real Estate Commission. He appealed to the DeKalb Superior Court which reversed the Commission's ruling on the grounds: "The decision of the Georgia Real Estate Commission was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; the decision of the Georgia Real Estate Commission was arbitrary and capricious and was characterized by an abuse of discretion and a clearly unwarranted exercise of discretion."

The Board after a hearing summarized the facts as follows: "The Respondent testified that he was a licensed real estate broker and that he handled a transaction for the Walter Bellamys wherein the Respondent accepted in trade the Bellamy's equity in a house located at 2276 Mark Trail, Decatur, Georgia, as his commission. The Respondent was to receive a warranty deed to the property and make the payments to Charter Mortgage Company as they became due. He rented the house, received $75.00 as rent, did not deposit this money to his

escrow account and due to financial problems, the Respondent was unable to make the mortgage payments in a timely fashion.

"Mrs. Brenda Bellamy testified that she had purchased a house located at 1934 Rollingwood Drive, Atlanta, Georgia, with the Respondent acting as broker. As part of the consideration and sales commission, Walter V. Bellamy, husband of Mrs. Bellamy, conveyed by Warranty Deed their property located at 2276 Mark Trail to the Respondent with the understanding that the Respondent would make the payments due Charter Mortgage Company. Some seven or eight months later Charter Mortgage Company notified the Bellamys that the loan was in arrears and it was proceeding to foreclose on the house. The house was subsequently sold and the loan brought current and Mrs. Bellamy testified further that she and her husband suffered no financial loss."

The board then made the following findings of fact: "The Respondent is and was during all times relevant to the Matters Asserted in the Notice of Hearing a real estate broker, duly licensed by the Georgia Real Estate Commission.

"Respondent received as real estate commission title to the Walter Bellamy's property known as 2276 Mark Trail, Decatur, Georgia, which he subsequently rented, received $75.00 as rent and did not deposit this money in his escrow account.

"As a part of that transaction, Respondent was to make the mortgage payments to Charter Mortgage Company.

"The Respondent did not make the mortgage payments as they became due and some seven or eight months later Charter Mortgage Company notified the Walter Bellamys that the loan was in arrears and it was foreclosing on the property.

"Respondent subsequently sold the property, the loan was brought current and the Bellamys did not suffer any financial loss."

Based on the findings, the Board held that appellee violated Code Ann. § 84-1421 (21) and 84-1421 (25) (Ga. L. 1973, pp. 100, 117; as amended through Ga. L. 1978, pp. 231, 234, 235. Code Ann. § 84-1421 (21)) sets out as a basis

for revocation the fact that a licensed realtor is found guilty of "making any substantial misrepresentations." Code Ann. § 84-1421 (25) sets out as a prohibited "unfair trade practice": "having demonstrated unworthiness or incompetency to act as a real estate broker or salesman in such manner as to safeguard the interest of the public; or any other conduct whether of the same or a different character than heretofore specified which constitutes dishonest dealings." The Board reasoned that the appellee promised to make timely mortgage payments, failed to do so and thus made a "substantial misrepresentation" and his acts constituted "dishonest dealings." It was recognized that the Bellamys suffered no financial loss and that the loan was brought current.

On appeal to this court the commission asserts that it correctly revoked the appellee's real estate license and that trial judge's decision was error. *Held* :

Under the instant factual situation, the Code sections relate to the same conduct and are considered as virtually identical in the conduct they proscribe. Here, the alleged substantial misrepresentation constituted the alleged dishonest conduct. "Substantial misrepresentation" as utilized in the statute is a virtual equivalent and may be analogized to fraud.

It has long been the rule in this state that ordinarily promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse, and especially is this true of a promise to pay money. Otherwise any breach of contract would amount to fraud. *Brooks v. Pitts*, 24 Ga. App. 386 (1) (100 SE 776); *Bullard v. Western Waterproofing Co.*, 63 Ga. App. 547, 548 (11 SE2d 713). Accord, *Chesnut v. Al Means Ford, Inc.*, 113 Ga. App. 623, 625 (149 SE2d 410); *Jackson v. Brown*, 209 Ga. 78 (2) (70 SE2d 756). To the rule that actionable fraud does not arise from a mere failure to perform a promise, "there exists an exception for promises as to future events made with the present intention not to perform," (*Hill v. Delta Air Lines, Inc.*, 143 Ga. App. 103, 105 (237 SE2d 597). Accord, *Donnelly Co. v. Milligan*, 37 Ga. App. 530, 531 (140 SE 918); *Mills v. Lewis Wood Preserving Co.*, 93 Ga. App. 398, 402 (91 SE2d 785)) or where "the defendant knows the

future event will not take place." *Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (207 SE2d 197).

It is clear that, as in fraud, in order for there to be a "substantial misrepresentation" there must be an intention to mislead. Here, assuming, but not deciding, that the commission correctly found the appellee promised to make the payments and then failed to do so, it did not find that he did not intend to make the payments at the time he promised to accomplish such duty. In essence, the commission's findings lacked a requisite factor, the intention on the appellee's part not to pay at the time of the promise. The commission's holding that the appellee was guilty of a "substantial misrepresentation" and "dishonest dealings," lacked an essential finding of intent and indeed such factor was not sustained by the record. Here, the trial judge properly entered a judgment of reversal.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED NOVEMBER 2, 1979.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.
*Theodore E. Smith,* for appellee.