A89A0770. GEORGIA REAL ESTATE COMMISSION
v. SYFAN et al.
(383 SE2d 605)

CARLEY, Chief Judge.
The facts, insofar as they are relevant to this appeal, are as follows: Appellee's real estate license was revoked in 1975. In 1987, he was considering his reentry into the real estate business and, to that end, he placed a telephone call to the appellant Georgia Real Estate Commission (Commission). According to appellee, he disclosed in that conversation that his license had been revoked in 1975, but was told by an unidentified Commission employee that there was "nothing on the record to indicate that." The Commission then sent appellee an application for the reinstatement of his license. This application provided a space for the applicant to certify, by his signature, "that the information contained in this application is true and correct and that I have not been convicted of a crime or *disciplined by a licensing agency (if you have, attach details)*." (Emphasis supplied.) Appellee signed the application, but did not disclose either the fact or the details of the 1975 revocation of his license. As the result of this application, appellee was reissued a license. Subsequently, the Commission ascertained that it had misfiled the record of appellee's 1975 license revocation. When this was discovered, the Commission began an investigation into the reinstatement of appellee's license. This investigation culminated in the Commission's revocation of appellee's reinstated license. On appeal to the superior court, the Commission's decision to revoke appellee's license was reversed. This court granted the Commission's application for a discretionary appeal from the order of the superior court.

1. Appellee's violation of OCGA § 43-40-15 (c) was among the grounds cited by the Commission for its revocation of his license. That statute provides: "Where an applicant or licensee has made a *false statement of material fact* on his application . . . , such action

may, *in itself*, be a sufficient ground for the refusal, suspension, or revocation of the license." (Emphasis supplied.) Appellee's application clearly contained an erroneous or untrue statement of material fact, insofar as it indicated that he had never previously been disciplined by a licensing agency. However, "falsity . . . impl[ies] 'more than erroneous or untrue.' [Cits.]" *Abercrombie v. Hair*, 185 Ga. 728, 734 (4) (196 SE 447) (1938). " 'In jurisprudence, "false" and "falsely" are [most often] used to characterize a *wrongful or criminal act*, such as involves an error or untruth, *intentionally or knowingly put forward.'* [Cit.]" (Emphasis supplied.) *Laughlin v. Bon Air Hotel*, 85 Ga. App. 43, 46 (2) (68 SE2d 186) (1951). See also *Georgia Real Estate Comm. v. James*, 152 Ga. App. 193, 195 (262 SE2d 531) (1979) (holding that "substantial misrepresentation" as employed in OCGA § 43-40-25 (a) (2), is analogous to fraud and requires an "intention to mislead.") Accordingly, the issue presented for resolution is whether there was "any evidence" that appellee had intentionally or knowingly put forward the application containing the false statement that he had not been disciplined by a licensing agency. If there was, the superior court erred in reversing the Commission even if there was evidence to the contrary. The resolution of conflicts in the evidence is for the Commission, sitting as the trior of fact, and not for the superior court, sitting as an appellate tribunal. See *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101) (1978).

"Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. [Cit.]" *Rose Mill Homes v. Michel*, 155 Ga. App. 808, 810 (2) (273 SE2d 211) (1980). " 'The intention to deceive and the immoral element are supplied by knowledge of the falsity of the representations when they were made.' [Cit.]" *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 859 (3) (294 SE2d 533) (1983). Appellee obviously knew at the time he submitted the application that his license had previously been revoked. The application that appellee was asked to submit clearly and unambiguously asked him to disclose whether he had been disciplined by a licensing agency and, if so, to supply the details. Notwithstanding appellee's knowledge and the clear and unambiguous directive on the application, he nevertheless signed the application without attaching the details of his 1975 license revocation, thereby falsely certifying to the Commission that he had never been disciplined. Nothing in the purported telephone conversation with the unidentified Commission employee would demand a finding that appellee had been misled into honestly believing that his 1975 license revocation was no longer a relevant consideration. According to appellee, he had been told only that the Commission's records did not reflect his previous revocation. The application did not qualify its directive and ask that an applicant acknowledge and detail only those disciplinary actions which may

have been reflected in the Commission's files. To the contrary, the application's directive was unqualified as to the disclosure of previous disciplinary actions and, as such, clearly contemplated that an applicant acknowledge and detail any and all disciplinary actions, including those which, for whatever reasons, the Commission may have been unable to verify by immediate resort to its own files. Since nothing in the telephone conversation or application authorized the conclusion that the mere absence of a notation in an applicant's official file obviated his responsibility to disclose relevant information requested by the Commission, the Commission was authorized to find that appellee gave a "palpably untrue answer to an unambiguous question with the knowledge that it [was] false." *Life & Cas. Co. of Tenn. v. Gaines*, 59 Ga. App. 545, 547 (5) (2 SE2d 153) (1939). " 'An intention to deceive, or a fraudulent intent in the legal acceptation of the term, depends upon the knowledge or belief respecting the falsehood of the statement, and not upon the actual dishonesty of purpose in making the statement.' [Cit.]" *Northwestern Life Ins. Co. v. Montgomery*, 116 Ga. 799, 808 (2) (43 SE 79) (1902). It follows that the Commission was authorized to find that appellee had made a false statement of material fact on his application and that he had, therefore, violated OCGA § 43-40-15 (c).

2. Appellee urges that the Commission should nevertheless be estopped to revoke his license because it was the Commission that misfiled his record and a Commission employee who advised him that there was no record of that revocation.

One who claims the benefit of an estoppel must demonstrate his "lack of knowledge of the truth as to the facts in question. . . ." *Bell v. Studdard*, 220 Ga. 756, 760 (4a) (141 SE2d 536) (1965). Notwithstanding the Commission's faulty record-keeping and the telephone conversation with the Commission employee, appellee knew the truth as to the fact in question, which was that his license had been revoked in 1975. Moreover, as discussed previously, the evidence did not demand a finding that it was reasonable for appellee to rely upon the mere absence of records in the Commission's file as the basis for failing to respond truthfully to the clear and unambiguous directive on the application. Without a showing of reasonable reliance, there can be no estoppel. See *Walker v. Williams*, 177 Ga. App. 830, 832 (341 SE2d 487) (1986). Additionally, after his receipt of the application, appellee made no effort to recontact the Commission to inquire whether his 1975 license revocation should be formally disclosed on the application notwithstanding the informal assurances that there was no official record of it. Had appellee done so and then been informed that there was no need to disclose the information, there might be a basis for urging an estoppel. However, appellee did not do so, and the evidence would not demand a finding that he exercised

reasonable diligence in determining whether his 1975 license revocation should be disclosed. " '[T]he party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted with good faith and *reasonable diligence. . . .*' [Cits.]" (Emphasis in original.) *Bachrodt Realty Corp. v. Walker,* 237 Ga. 696, 697 (2) (229 SE2d 455) (1976).

If appellee had disclosed the prior revocation of his license on his application for reinstatement, the Commission would presumably have launched an investigation at that time and determined whether, notwithstanding his prior disciplinary proceedings, appellee should nevertheless be reissued a license. Instead, appellee simply submitted a false application and the investigation was delayed until his 1975 license revocation was subsequently discovered by the Commission. Although the evidence would authorize the Commission to find that there were mitigating factors, it would not demand a finding of estoppel against the Commission. "Revocation of the license, even after hearing evidence of mitigation, was within the [C]ommission's discretion. [Cit.]" *Land v. Ga. Real Estate Comm.,* 142 Ga. App. 860 (237 SE2d 243) (1977). The superior court erred in substituting its determination that revocation of appellee's license was not warranted for the Commission's finding that the revocation was appropriate and justified.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1989.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, William B. Hill, Jr., Senior Assistant Attorney General, Mark H. Cohen, Assistant Attorney General,* for appellant.

*Charles H. Hyatt, R. Thomas Jarrard,* for appellees.