A97A2094. GEORGIA REAL ESTATE COMMISSION v. PEAVY.
(493 SE2d 602)

JOHNSON, Judge.

The Georgia Real Estate Commission ("Commission") brought a disciplinary action against Evelyn Peavy's real estate broker's license as a result of her conduct in connection with the sale of a house in Cobb County. The Commission affirmed the hearing officer's decision and revoked Peavy's license. The superior court reversed, finding the Commission had exceeded its statutory authority, its decision had been made upon unlawful procedure, was clearly erroneous in view of the evidence, and was in violation of constitutional or statutory provisions because the Commission did not provide Peavy with an opportunity to provide a full defense. We granted the Commission's application for discretionary review of the superior court's ruling, and we reverse.

"Judicial review of an administrative decision shall be conducted by the court without a jury and shall be confined to the record. OCGA § 50-13-19 (g). The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. OCGA § 50-13-19 (h). However, the superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions; in excess of the statutory authority of the agency; clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or arbitrary or capricious or characterized by

abuse of discretion or clearly unwarranted exercise of discretion. OCGA § 50-13-19 (h)." The clearly erroneous standard of review to be applied by the superior court prevents a de novo determination of evidentiary questions leaving only a determination of whether the facts found by the [hearing officer] are supported by any evidence. Upon further discretionary appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the local governing body or administrative agency." (Citations and punctuation omitted.) *Sawyer v. Reheis*, 213 Ga. App. 727, 728-729 (1) (445 SE2d 837) (1994).

The administrative hearing officer made the following findings of fact: On behalf of Metro Brokers, Inc., Peavy entered into a listing agreement for property located at 3560 Hogan Drive, Kennesaw, Georgia. Several weeks later, a contract for the purchase and sale of the property was signed. Peavy represented to the purchasers that previous problems with the septic system had been repaired, attributing the noxious odors emanating from the property to abuse by pets and children of the former tenant. Peavy told a neighbor not to reveal ongoing septic system problems to prospective purchasers. Peavy was told by three different employees of the Environmental Health Division of the Cobb County Board of Health that the septic system was malfunctioning and that the County would not issue a clearance letter until repairs were made to the system. This information was not disclosed to the purchaser or the closing attorney.

The hearing officer found Peavy's testimony at the hearing not credible: "[Peavy's] testimony directly contradicted that of the other witnesses with regard to every critical detail concerning her state of knowledge and her representations concerning the functioning of the septic tank system servicing the Property. [Peavy's] testimony contradicted her own written statement furnished to the Commission during the investigation of this matter." In addition, Peavy failed to notify the Commission of a final disposition in a civil action brought by the purchasers against Metro Brokers, Inc.

The hearing officer found that Peavy's failure to disclose the malfunctioning of the septic system demonstrated a failure to meet the standards required by OCGA § 43-40-15 (a). Further, the hearing officer found that the misrepresentations made to the purchaser and the closing attorney regarding the septic system and the status of the system with the Cobb County Board of Health evinced an intent to deceive constituting a gross misrepresentation in violation of OCGA § 43-40-25 (a) (21) and Rule 520-1-.17 (e) of the Rules & Regulations of the Georgia Real Estate Commission. The hearing officer concluded that Peavy is incompetent to act as a real estate associate broker in such a manner as to safeguard the interest of the public,

OCGA § 43-40-25 (a) (25), and that she violated Georgia Real Estate Commission Rule 520-1-.28 (1) by failing to notify the Commission of the final disposition of the civil action brought against her by the purchasers. In conclusion, the hearing officer recommended revocation of Peavy's associate broker's license. "The interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight and deference." (Citations and punctuation omitted.) *Commissioner of Ins. v. Stryker*, 218 Ga. App. 716, 718 (5) (463 SE2d 163) (1995).

Peavy has relied on *Ga. Real Estate Comm. v. James*, 152 Ga. App. 193 (262 SE2d 531) (1979), throughout these proceedings for the proposition that "substantial misrepresentation" as contemplated by OCGA § 43-40-25 (a) (21) is the same as civil fraud. Therefore, she argues, she should have been able to present all of the defenses available in a civil fraud action, specifically justifiable reliance and lack of due diligence, but was prevented from doing so. Although not articulated in the superior court's order, this argument apparently forms the basis for that portion of the superior court's reversal of the Commission's order based on Peavy having been denied the opportunity to present a full defense.

In *James*, a real estate broker accepted a warranty deed to a house as a commission on a real estate transaction. A condition of that transaction required the broker to make future mortgage payments on the property as they came due, which he failed to do. In revoking his license, the Commission characterized the broker's failure to make the payments a "substantial misrepresentation." In affirming the superior court's reversal of the revocation of the broker's license, this Court held that under the fact situation presented in *James*, " '[s]ubstantial misrepresentation' as utilized in [OCGA § 43-40-25 (a) (21)] is a virtual equivalent and may be analogized to fraud." Id. at 195. The court concluded the evidence did not establish that the broker did not intend to make future payments at the time he entered into the transaction. Therefore, the essential element of intent to mislead was missing.

"Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. The intention to deceive and the immoral element are supplied by knowledge of the falsity of the representations when they were made." (Citations and punctuation omitted.) *Ga. Real Estate Comm. v. Syfan*, 192 Ga. App. 3, 4 (1) (383 SE2d 605) (1989). Here, the finder of fact concluded that Peavy "made representations which she knew to be false with an intent to deceive at the time the misrepresentations were made." Based on the hearing officer's findings, the Commission was authorized to find that Peavy's failure to reveal material information regarding a defect on the property constituted a substantial misrepresentation in viola-

tion of OCGA § 43-40-25 (a) (21).

With regard to being prevented from presenting a full defense, we have reviewed that portion of the transcript of the administrative hearing about which Peavy complains. The evidence proffered but excluded by the hearing officer as irrelevant related to whether the purchaser of the property sought to rescind the contract after learning of the condition of the septic system. Whether the purchaser attempted to rescind subsequent to the closing is not relevant to whether "substantial misrepresentations" were made prior to closing. The hearing officer did not err in excluding that evidence. See OCGA § 50-13-15 (1). Although there is a discussion on the record about whether other possible defenses to a civil fraud case, such as justifiable reliance and lack of due diligence, would be admissible, the ruling of the hearing officer was limited to the testimony relating to rescission efforts. Our review of the hearing transcript indicates that issues of justifiable reliance and due diligence on the part of the purchaser were explored in detail during questioning and cross-examination of the purchaser. Peavy has pointed to no other portion of the record showing she was precluded from presenting evidence which she felt would be favorable to her case. See *Cohen v. Lowe Aviation Co.*, 221 Ga. App. 259, 261 (2) (470 SE2d 813) (1996). Therefore, the superior court erred in reversing based on the hearing officer's alleged refusal to allow Peavy to present a full defense.

We note further that although *James* analogized the elements of fraud to those of "substantial misrepresentation," that in itself does not convert an administrative hearing into a civil trial. The focus of an administrative hearing, such as the one in this case, is to determine whether a violation occurred for the purpose of regulating a profession and protecting the public from those who fail to act in accordance with the standards adopted by that profession. See *Brown v. Bd. of Examiners*, 190 Ga. App. 311, 312 (1) (378 SE2d 718) (1989). Whether a purchaser was justified in relying on substantial misrepresentations made by a real estate broker may be relevant to the issue of damages in a civil fraud case, but is not probative to the issue of whether the broker violated the standards established by the real estate profession.

In adopting the hearing officer's findings, the Commission did not exceed its statutory authority, its decision was not made upon unlawful procedure, was not clearly erroneous in view of the evidence, and was not in violation of constitutional or statutory provisions. Accordingly, the judgment of the superior court is reversed.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 5, 1997.

Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Janet B. Wray, Senior Assistant Attorney General, Kevin H. Hudson, Assistant Attorney General, for appellant.

Lefco & Blumenthal, Stanley M. Lefco, for appellee.